A04A0296. BROWN et al. v. PREMIERE DESIGNS, INC.
(597 SE2d 466)

PHIPPS, Judge.

This is an appeal from an order of the State Court of Gwinnett County denying a motion to vacate an arbitration award entered in a proceeding conducted under the Georgia Arbitration Code (GAC).[1] The appealing parties complain of the arbitrator's failure to maintain a record of the arbitration hearing. Because the record shows that any omission in this regard was waived, we affirm.

Mason and Jeanne Brown brought an action for breach of contract against their home remodeling contractor, Premiere Designs, Inc., in July 2001. Premiere answered and asserted numerous defenses as well as a counterclaim. Premiere later filed a motion to compel arbitration.[2] The trial court granted the motion by order

---

[1] OCGA § 9-9-1 et seq.
[2] See OCGA § 9-9-6 (a).

directing the parties to choose an arbitrator or panel of arbitrators to conduct an arbitration hearing pursuant to the GAC and the Federal Arbitration Act.[3] Arbitration resulted in a $15,101 award to Premiere. The Browns, who had previously been represented by counsel, filed a pro se application seeking, in essence, to vacate the award.[4] Instead, the court entered judgment confirming it in March 2003.[5] The Browns have filed this pro se appeal, complaining of the arbitrator's failure to maintain a record of the proceeding and of various errors committed by the arbitrator incident to and at the hearing.

OCGA § 9-9-8 (e) provides: "The arbitrators shall maintain a record of all pleadings, documents, testimony, and other matters introduced at the hearing. The arbitrators or any party to the proceeding may have the proceedings transcribed by a court reporter." Generally, under OCGA § 9-9-8 (f), a requirement of the Code section "may be waived by written consent of the parties or by continuing with the arbitration without objection."

At the time this action was brought, the GAC at OCGA § 9-9-13 (b)

> set[] forth four statutory grounds for vacating an arbitration award upon the application of a party subject to the award. The arbitration award shall be vacated if the court finds that the rights of the applying party were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of [the] (Code), unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection.[6]

The arbitration award shows that prior to the arbitration hearing, both sides waived the requirement under OCGA § 9-9-8 (e) that the arbitrator preserve a record of the arbitration proceedings; and that they continued with the arbitration without objection, thereby effectively waiving OCGA § 9-9-8 (f)'s requirement that the arbitrator

---

[3] 9 USC § 1 et seq.

[4] See OCGA § 9-9-13.

[5] See OCGA § 9-9-15.

[6] (Footnote omitted.) *Greene v. Hundley*, 266 Ga. 592, 594 (1) (468 SE2d 350) (1996). In 2003, the General Assembly amended the GAC to add a fifth ground: "The arbitrator's manifest disregard of the law." OCGA § 9-9-13 (b) (5). The 2003 amendment is applicable to all civil actions filed on or after July 1, 2003. See Ga. L. 2003, p. 820, § 9. The amendment is thus inapplicable here.

maintain a record of the proceeding. Consequently, under OCGA § 9-9-13 (b) (4), the court properly ruled that the arbitration award is not subject to being vacated based on the arbitrator's failure to record the proceeding.

Premiere has moved to dismiss this appeal because of the absence of a transcript of the arbitration hearing. The absence of a transcript is a ground for affirmance of the judgment rather than dismissal of the appeal.[7] Here, the absence of a record or transcript precludes review of the Browns' claims of error committed by the arbitrator, thereby necessitating an affirmance of the state court's refusal to vacate the arbitration award on any of these grounds. But Premiere's motion to dismiss this appeal is denied.

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED MARCH 10, 2004 —
RECONSIDERATION DENIED MARCH 23, 2004 — ▮▮▮▮▮▮▮

Mason Brown, *pro se.*
Jeanne Brown, *pro se.*
Richard E. Witterman, Jr., for appellee.

---

[7] See, e.g., *Pritchett v. Merritt,* 263 Ga. App. 252, 254 (2) (587 SE2d 324) (2003) (judgment affirmed based on absence of transcript in record); *Leitzke v. Leitzke,* 239 Ga. 17 (235 SE2d 500) (1977) (judgment affirmed where no authorized means were used to bring evidence to appellate court on appeal); *Frank v. State of Ga.,* 257 Ga. App. 164, 165 (1) (570 SE2d 613) (2002) (this court's decision must be made on record and not upon briefs of counsel).