## A04A1727. PITT v. HOLT DEVELOPMENT, LLC.
(604 SE2d 278)

ELLINGTON, Judge.

James Pitt d/b/a Straight Edge Construction ("Pitt") appeals from an order of the Superior Court of Fulton County confirming an arbitration award. Pitt contends the trial court erred in confirming the award because the arbitrator considered issues outside the scope of arbitration, failed to give Pitt adequate notice of those issues, and failed to notify him of a rescheduled hearing date. Because Pitt has failed to carry his burden on appeal of demonstrating error in the confirmation proceeding, we must affirm.

The record shows that, on or about May 7, 2001, Pitt and Holt Development, LLC ("Holt") entered into a contract for construction which contained a mandatory binding arbitration clause. During construction, disputes arose that the parties could not resolve, and Holt filed a suit for damages in magistrate's court. The magistrate dismissed the complaint for failure to arbitrate as required by contract.

In October 2002, Pitt and Holt submitted their dispute to Resolution Resources Corporation. Holt wrote to Resolution Resources about the arbitration, sending it a copy of the pleadings from the lawsuit. In that letter, Holt noted that "there have been many additional charges incurred in correcting" Pitt's mistakes since the complaint was filed. Pitt claims he did not receive a copy of this letter, had no notice of any additional issues, and was, therefore, unable to prepare a proper defense. Resolution Resources rescheduled the hearing to accommodate Pitt's request for additional time to prepare and mailed the parties a notice of arbitration.

The arbitration hearing was held on January 27, 2003. Pitt did not attend and claims he did not receive notice of the rescheduled hearing date. The arbitrator heard the matter in Pitt's absence and entered an award in Holt's favor on February 4, 2003.

On July 16, 2003, Holt timely filed a motion in the Fulton County Superior Court to confirm the award of binding arbitration. There is no evidence that Pitt had timely moved to vacate the award.[1] Pitt

---

[1] Although Holt did not raise this issue in the trial court, we note that the Georgia Arbitration Code provides that "[a]n application to vacate an award *shall* be made to the court within three

opposed Holt's motion in his response, contending confirmation should be denied, the award vacated, and a new arbitration hearing ordered.

On February 16, 2004, after conducting a hearing, the superior court issued an order confirming the award, finding that Pitt had received proper notice of the arbitration hearing, that there was no misconduct on Holt's part, and that the arbitrator had properly determined the issues and the amount of damages. The record on appeal contains no transcript of the hearing.

In related enumerations of error, Pitt contends the superior court erred by confirming the award because the arbitrator heard issues beyond the scope of the arbitration and without proper notice to Pitt of those issues or of the rescheduled hearing date, and that this conduct constitutes either "overstepping" or "misconduct" under OCGA § 9-9-13 (b).

As we have held,

> In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it.

(Citations omitted.) *Gilbert v. Montlick*, 232 Ga. App. 91, 93 (1) (499 SE2d 731) (1998). "Moreover, we will not evaluate the sufficiency of the evidence in arbitration cases and we will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the four statutory grounds is shown." (Citation omitted.) *U. S. Intermodal & Thunderbolt Express v. Ga. Pacific Corp.*, 267 Ga. App. 832, 833 (600 SE2d 800) (2004).

We have reviewed the record before us and find nothing contradicting the superior court's factual findings or supporting Pitt's claims of error. Further, the record contains no transcript from the hearing before the superior court. Consequently, Pitt failed to carry his burden of establishing by record evidence any of the four statutory bases for vacating the award; therefore, we must affirm. *Brown v. Premiere Designs*, 266 Ga. App. 432, 434 (597 SE2d 466) (2004) ("[T]he absence of a . . . transcript precludes review of . . . claims of

months after delivery of a copy of the award to the applicant." (Emphasis supplied.) OCGA § 9-9-13 (a).

error committed by the arbitrator, thereby necessitating an affirmance of the state court's refusal to vacate the arbitration award on any of these grounds.") (footnote omitted).

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 2, 2004.

*Davis, Register & Williams, Eric L. Register*, for appellant.
*Bryant, Davis & Cowden, Harold M. Hubbard*, for appellee.