A04A1678. HUMAR PROPERTIES, LLLP et al. v. PRIOR TIRE
ENTERPRISES, INC.
(605 SE2d 926)

ANDREWS, Presiding Judge.

Humar Properties, LLLP and Hubert Day appeal from the trial court's denial of their motion to vacate the arbitration award to Prior Tire Enterprises, Inc. (Prior Tire) entered in this proceeding under the Georgia Arbitration Code, OCGA § 9-9-1 et seq.

> In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 236 (4) (335 SE2d 708) (1985). See *Goodrich v. Southland Homes Corp.*, 214 Ga. App. 790 (1) (449 SE2d 154) (1994). Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in

---

[12] See OCGA § 40-6-392 (a) (1) (A).
[13] OCGA § 40-6-392 (a) (2).

reviewing an award is bound to confirm it. *Greene v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996).

*Gilbert v. Montlick*, 232 Ga. App. 91, 93 (499 SE2d 731) (1998). Moreover, we will not evaluate the sufficiency of the evidence in arbitration cases and we will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the statutory grounds is shown. *Greene v. Hundley*, supra at 596-597.

The only enumeration of error here is that the trial court erred in not vacating the arbitrators' award because they exhibited a manifest disregard of the law. OCGA § 9-9-13 (b) (5). That section applies to "all civil actions filed on or after July 1, 2003." Ga. L. 2003, p. 820, § 9.

Both parties agree that this arbitration resulted from Prior Tire's attempt to sell its assets to Humar Properties, LLLP and Hubert Day, its principal. An Asset Purchase Agreement was prepared and signed by Day for Humar [Properties], LLLP and by Robert Goldstein for Prior Tire in April 1999. Although not reflected in the record here, both parties agree that litigation was initiated by Prior Tire's filing suit in the State Court of Fulton County against Humar Properties, LLLP and Day in March 2000. That suit was then transferred to the State Court of Rockdale County on July 19, 2000, and assigned Civil Action File No. 00-SV-1286.

In that action, Humar Properties, LLLP and Day moved to compel arbitration and Prior Tire moved to have the case mediated. By consent order of January 4, 2002, as amended by consent order of October 15, 2002, the matter was submitted to binding arbitration.[1] The January 4, 2002 order also denied Humar Properties, LLLP and Day's motion to dismiss Prior Tire's complaint.

The award of the arbitrators was issued September 19, 2003, awarding Prior Tire $620,314.10 and finding against Humar Properties, LLLP and Day's counterclaim.

On December 18, 2003, Humar Properties, LLLP and Day filed their Application to Vacate Arbitration Award, which was given Civil Action File No. 2003-SV-2027. Although it is unclear why the Application was not filed in the still pending Civil Action File No. 00-SV-1286, we assume, without deciding, that this filing of the Application in December 2003 made the "manifest disregard" ground of vacatur applicable to this matter. See *Brown v. Premiere Designs*, 266 Ga. App. 432, 433, n. 6 (597 SE2d 466) (2004).

The sole enumeration of error is that the arbitrators exhibited a manifest disregard of the law because there was not a valid and enforceable contract between the parties to be breached.

---

[1] The mediation ordered first was unsuccessful.

As set out above, however, there was a written document signed by both parties which is contained in the record. OCGA § 13-1-1. No transcript of either the arbitration hearing or the hearing on the Application to Vacate the Award has been provided to this Court. Therefore, Humar Properties, LLLP and Day have failed to carry their burden of establishing by record evidence the statutory ground of manifest disregard of the law. *Pitt v. Holt Dev., LLC*, 269 Ga. App. 441 (604 SE2d 278) (2004). "[T]he absence of a . . . transcript precludes review of . . . claims of error committed by the arbitrator[s], thereby necessitating an affirmance of the state court's refusal to vacate the arbitration award on any of these grounds." *Brown v. Premiere Designs*, supra at 434.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 2, 2004.

*Walker & Waldrop, Michael S. Waldrop*, for appellants.
*Macey, Wilensky, Cohen, Whittner & Kessler, Susan L. Howick, Michael C. Kaplan*, for appellee.

