## A05A1968, A05A1969. JOHNSON REAL ESTATE INVESTMENTS, LLC et al. v. AQUA INDUSTRIALS, INC.; and vice versa.
### (621 SE2d 530)

PHIPPS, Judge.

Case No. A05A1968 is an appeal from an April 14, 2005 order that confirmed part of an arbitration award, vacated part of the award, and remanded the matter to the arbitrator for clarification of the vacated part. Although the arbitrator entered the required clarification of his award on May 11, there has been no entry of final judgment on the award as clarified. Therefore, we must dismiss the appeal and remand the case for further proceedings. Case No. A05A1969, the cross-appeal, is dismissed for the same reason and because of appellant's failure to file an enumeration of errors and brief.[1]

Aqua Industrials, Inc., subcontractor on a construction project, instituted this arbitration proceeding because its demand for payment of various of its invoices was not met. The arbitrator entered an award in favor of Aqua. Johnson Real Estate Investments, LLC et al. petitioned to vacate the award. In opposition, Aqua moved for confirmation of the award.

The superior court entered the April 14 order confirming all portions of the award except with respect to one invoice and remanding the case to the arbitrator with instructions to clarify that feature of the award and modify the award accordingly. In the April 14 order, the superior court entered judgment in favor of Aqua in the total amount awarded to it by the arbitrator plus attorney fees less the amount awarded for the one invoice at issue in the remand. On May 3, Johnson et al. filed a notice of appeal of the April 14 order. On May 11, Aqua filed a notice of cross-appeal. Also on May 11, the arbitrator entered a clarification of his award affirming his intention to award the questioned invoice to Aqua.

The appeal from the April 14 order must be dismissed as that order is not a final award and thus not a final judgment.[2] On April 14, the court confirmed only part of the award and remanded the matter to the arbitrator for clarification of the remaining part. The arbitrator entered a clarification ruling adhering to his decision to award the disputed sums to Aqua. Yet that ruling forms no part of the court's judgment. Accordingly, the main appeal must be dismissed and the case remanded to the superior court for entry of a final judgment on the arbitrator's award. For reasons previously given, the cross-appeal is also dismissed.

---

[1] See Court of Appeals Rules 22 and 23.
[2] See OCGA § 5-6-34 (a) (1).

*Appeal and cross-appeal dismissed and case remanded. Andrews, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 16, 2005.

*John D. Thalhimer*, for appellants.
*Ganek, Wright & Dobkin, Chad R. Henderson*, for appellee.

