A05A1966. BARRON REED CONSTRUCTION v. 430, LLC.
(622 SE2d 83)

BLACKBURN, Presiding Judge.

In this arbitrated construction dispute, Barron Reed Construction appeals the trial court's confirmation of the arbitration award in favor of the owner, arguing that the agreement to arbitrate was unenforceable and that the arbitrator manifestly disregarded the

---

[7] *King v. State*, 276 Ga. 126 (577 SE2d 764) (2003).
[8] *King v. State*, 272 Ga. 788, 794 (1) (535 SE2d 492) (2000).

law. We hold that the construction agreement containing the arbitration clause was properly executed and that Barron Reed's claims of "manifest disregard of the law" are nothing more than unreviewable factual issues. Accordingly, we affirm.

Barron Reed executed a paving contract to construct a new grocery store parking lot. The contract incorporated certain general conditions, which included an agreement to arbitrate. Dissatisfied with Barron Reed's performance under the contract, the grocery store owner (a limited liability company named "430, LLC") refused final payment and, asserting a claim against Barron Reed, instigated arbitration with the American Arbitration Association per the terms of the contract. In response, Barron Reed filed an action against the owner in superior court to recover monies unpaid under the contract and simultaneously moved to stay the arbitration. Admitting Barron Reed's allegation that the parties had entered a binding contract, the owner in the superior court action alleged inadequate performance and again demanded arbitration.

In its argument to stay arbitration, Barron Reed now contended that the signature of the owner's representative on the contract was unauthorized and that therefore the agreement to arbitrate was unenforceable. The court found otherwise, noting that Article 7.3 of the contract expressly provided that Jamie McCutchen (the person who signed the contract) was the owner's designated representative. Thus, the court refused to stay the arbitration.

The arbitration proceeded and resulted in an award of $82,145.67 in favor of the owner. Based on the evidence, the arbitrator also found that McCutchen was duly authorized to execute the contract on behalf of the owner and that therefore the agreement to arbitrate was binding. When the owner sought to confirm the award, Barron Reed moved to vacate the award on the grounds that the agreement to arbitrate was not binding and that the arbitrator manifestly disregarded the law in his award. The court rejected Barron Reed's arguments and confirmed the award. Barron Reed appeals this confirmation on the same grounds.

1. Barron Reed's first two enumerations challenge the trial court's ruling on the enforceability of the agreement to arbitrate, which in this case involves questions of law that we review de novo. See *Deep Six, Inc. v. Abernathy*[1] (questions of law are reviewed de novo). Barron Reed argues that McCutchen did not sign the agreement on behalf of 430, LLC, and that even if he did, no writing authorized McCutchen to sign the agreement. Under the latter argument, Barron Reed contends that absent written authority,

---

[1] *Deep Six, Inc. v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

McCutchen lacked the power under the Equal Dignity Rule[2] to sign the agreement to arbitrate — which must be in writing[3] — on behalf of the owner. We reject these arguments.

Regarding the first argument, the first page of the contract provided that the contract was between 430, LLC as owner and Barron Reed as contractor. Article 7.3 expressly designated McCutchen as 430, LLC's representative. Thus, McCutchen's signature on the "Owner" line was clearly on behalf of 430, LLC.

Regarding the second argument, it is true that under OCGA § 10-6-2, the authority of an agent to execute an instrument required to be in writing must also be in writing. *Turnipseed v. Jaje.*[4] Barron Reed, however, is not the correct party to challenge McCutchen's authority under this statute. This statute is designed to protect a principal from liability for the unauthorized actions of its agent; it is not designed for an opposing party in a contract to escape its obligations by challenging the authority of the other party's representative. It would indeed be anomalous for a party — who admittedly has duly executed a contract — to be able to avoid its duties thereunder by claiming that the other party — who has admitted to the signing and to the validity of the contract and has fulfilled its obligations thereunder — was not bound to do so because its signing representative lacked a writing authorizing his signature. Whether the second party was bound by the contract would be an issue for that party to raise if it sought to avoid the contract; such would not be an issue for the first party to raise as a supposed defense to its own failure to fulfill its obligations. Thus, in cases where the statute is invoked, the invoking party is the principal who is challenging the authority of its own alleged representative. See, e.g., *Turnipseed*, supra at 322 (1); *Lee v. Green Land Co.*[5] Cf. *Grange Mut. Cas. Co. v. Kay*[6] (party to contract may not invoke incapacity of minor party so as to avoid first party's contractual obligations). The burden is then on the other party to show that written authority. See *Garden of Eden v. Eastern Sav. Bank*[7] ("[o]ne seeking to hold the principal liable for the undertaking of his agent on a lease for over a year must show that the agent had written authority to act for the principal").

Moreover, even if Barron Reed could raise this issue, and assuming a writing were required, then Barron Reed was charged with

---

[2] OCGA § 10-6-2.
[3] See OCGA § 9-9-3.
[4] *Turnipseed v. Jaje*, 267 Ga. 320, 322 (1) (477 SE2d 101) (1996).
[5] *Lee v. Green Land Co.*, 245 Ga. App. 558, 560-561 (1) (538 SE2d 189) (2000).
[6] *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 142 (1) (589 SE2d 711) (2003).
[7] *Garden of Eden v. Eastern Sav. Bank*, 244 Ga. 63, 64 (1) (257 SE2d 897) (1979).

notice that McCutchen's authority to execute the contract was required by law to be in writing and was therefore under a duty to inquire and ascertain whether such written authority existed and what the limits of the authority were. *20/20 Vision Center v. Hudgens.*[8] "[S]uch person is guilty of negligence in failing to make such an inquiry." (Punctuation omitted.) Id. See *Turnipseed,* supra at 323 (2) (a). Barron Reed cannot take advantage of its own negligence and now claim that it is not bound by the contract.

Because the agreement to arbitrate was binding on Barron Reed, the trial court did not err in refusing to stay the arbitration.

2. Barron Reed's remaining four enumerations of error would each require a review of the evidence presented to the arbitrator to determine whether the arbitrator manifestly disregarded the law. Barron Reed claims (i) the arbitrator erroneously found that the owner complied with certain preconditions to arbitration; (ii) the arbitrator did not base his award amount on the evidence; (iii) the arbitrator did not offset the award amount by monies due Barron Reed under the contract; and (iv) the arbitrator erroneously found that certain specifications were required by the contract and were not met.

Georgia law is clear that the authority of courts to review an arbitration award "is very limited; courts cannot inquire into the merits of an arbitrable controversy; arbitrators are free to award on the basis of broad principles of fairness and equity; and an arbitrator need not make findings or state the reasons in support of the award." *Doman v. Stapleton.*[9] Indeed, so as not to frustrate the very purpose of arbitration (which is to avoid litigation), "a trial court's role is severely curtailed." *Marchelletta v. Seay Constr. Svcs.*[10] "Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it." Id. at 27 (1). See *U. S. Intermodal &c. v. Ga. Pacific Corp.*[11] Specifically, appellate courts cannot make determinations as to the sufficiency of the evidence; in fact, they are unconditionally "prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene v. Hundley.*[12]

Accordingly, since each of the remaining enumerations of error would require a review of whether the evidence supported particular

[8] *20/20 Vision Center v. Hudgens,* 256 Ga. 129, 134 (5) (345 SE2d 330) (1986).

[9] *Doman v. Stapleton,* 272 Ga. App. 114, 117 (611 SE2d 673) (2005).

[10] *Marchelletta v. Seay Constr. Svcs.,* 265 Ga. App. 23, 26 (1) (593 SE2d 64) (2004).

[11] *U. S. Intermodal &c. v. Ga. Pacific Corp.,* 267 Ga. App. 832, 833 (600 SE2d 800) (2004).

[12] *Greene v. Hundley,* 266 Ga. 592, 596-597 (3) (468 SE2d 350) (1996).

findings of the arbitrator, we are not at liberty to review same. Barron Reed's attempt to characterize these enumerations as showing that the arbitrator manifestly disregarded the law — which is a possible ground for refusing to confirm an award[13] — is ineffectual, as these enumerations do not concern questions of law but concern issues of fact on which the arbitrator made specific findings based on the evidence submitted at the arbitration hearing. We discern no legal ground under OCGA § 9-9-13 (b) for reversing the trial court's confirmation of the arbitration award.

3. We deny the owner's motion for damages for frivolous appeal. *Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 17, 2005 — ▮▮▮▮▮▮▮▮

*John T. Longino*, for appellant.

*McCamy, Phillips, Tuggle & Fordham, Charles L. Daniel III*, for appellee.