A06A0427. McGILL HOMES, INC. v. WEAVER.
(629 SE2d 535)

MIKELL, Judge.

McGill Homes, Inc., appeals the trial court's order denying its motion to vacate an arbitration award in favor of Louie S. Weaver. We affirm for the reasons set forth below.

OCGA § 9-9-13 (b) provides that an arbitration award

shall be vacated on the application of a party who either participated in the arbitration or was served with a demand for arbitration if the court finds that the rights of that party were prejudiced by: (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.

"[W]e will not evaluate the sufficiency of the evidence in arbitration cases[,] and we will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the [five] statutory

grounds is shown."[1] (Citation omitted.) *U. S. Intermodal &c. v. Ga. Pacific Corp.*, 267 Ga. App. 832, 833 (600 SE2d 800) (2004). See also *Buckeye Check Cashing v. Cardegna,* ___ U. S. ___ (126 SC 1204, 163 LE2d 1038) (2006) (under Federal Arbitration Act, 9 USC §§ 1-16, challenge to validity of contract as a whole, and not to arbitration clause, must be determined by arbitrator in the first instance).

The record shows that on May 14, 2003, Weaver contracted to buy a house from builder McGill Homes for $181,900. The parties agreed that all claims arising out of or related to the purchase agreement would be settled by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. On August 15, 2003, Weaver and McGill Homes entered into a "Temporary Occupancy Agreement for Buyer Prior to Closing," pursuant to which the parties agreed that Weaver would occupy the house pending closing. Weaver subsequently made a claim for arbitration. On August 12, 2004, the arbitrator awarded Weaver $12,755.50 for defective and incomplete construction, to be paid by McGill Homes, and further required McGill Homes to satisfy a $2,000 mechanic's lien which had been filed against the property. McGill Homes filed its "Motion to Vacate Arbitration Award" with the superior court on November 8, 2004.

Of the five statutory grounds authorizing vacation of an arbitration award, McGill Homes specifies only that the trial court erred in failing to find that the arbitrator manifestly disregarded the law. McGill Homes contends that the arbitrator's findings are "not possible if the [Temporary Occupancy Agreement] is to be honored as agreed upon by the parties." McGill Homes then argues that pursuant to the Temporary Occupancy Agreement, Weaver assumed responsibility for all conditions on the property not covered by the "new construction walk through list," but that (i) the amount of damages awarded by the arbitrator was not in proportion to the actual costs of completing the walk through list, and (ii) McGill Homes could not complete the walk through list because Weaver refused to cooperate. McGill Homes supports these assertions by reference to the affidavits of its construction foreman and a project worker.

In light of the foregoing arguments, which rely on affidavits attached to a brief submitted to the trial court, it is evident that "[McGill Homes's] claims of 'manifest disregard of the law' are nothing more than unreviewable factual issues." *Barron Reed Constr. v. 430, LLC*, 275 Ga. App. 884, 885 (622 SE2d 83) (2005). See *Greene*

---

[1] The arbitrator's manifest disregard of the law, the fifth statutory ground, "applies to all civil actions filed on or after July 1, 2003." (Citation and punctuation omitted.) *Humar Properties v. Prior Tire Enterprises*, 270 Ga. App. 306, 307 (605 SE2d 926) (2004). See OCGA § 9-9-13 (b) (5).

*v. Hundley*, 266 Ga. 592, 596 (3) (468 SE2d 350) (1996) ("[t]he prohibition against considering the sufficiency of the evidence as grounds for vacating an arbitration award is unconditional"). Furthermore, McGill Homes has failed to provide a transcript of the arbitration hearing to this court, precluding McGill Homes from fulfilling its burden of showing by the record that the arbitrator manifestly disregarded the law. See *Humar Properties v. Prior Tire Enterprises*, 270 Ga. App. 306, 308 (605 SE2d 926) (2004). It follows that we must affirm the trial court's order denying McGill Homes's motion to vacate the arbitration award.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 31, 2006.

*Melissa M. Clyatt*, for appellant.
Louie S. Weaver, *pro se.*