## A06A1328. PROGRESSIVE PLUMBING, INC. v. ABCO BUILDERS, INC.
### (637 SE2d 92)

SMITH, Presiding Judge.

Progressive Plumbing, Inc. (Progressive) appeals from a superior court order vacating an arbitration panel's award in its favor in the amount of $60,249.67. Because the trial court erred in vacating the award, we reverse.

The record reveals that Progressive entered into a subcontract with ABCO Builders, Inc. (ABCO) which provided that Progressive would provide plumbing for a construction project. Disputes arose between the parties, and pursuant to a clause in the subcontract, those disputes were heard by an arbitration panel. Following a hearing,[1] the arbitrators awarded Progressive $144,321 for its unpaid contract balance and $134,193 for delays, disruptions, and impacts caused by ABCO. These amounts were offset by an award of $218,264.33 in favor of ABCO for Progressive's defective and deficient work, leaving Progressive with a final award of $60,249.67.

---

[1] By agreement of the parties, the arbitration hearing was not transcribed.

Progressive moved to confirm the award, while ABCO counter-claimed to vacate the award on the ground that the arbitrators "manifestly disregarded the law." Following a hearing, the superior court vacated the arbitrator's award on the ground that the arbitrators manifestly disregarded the law applicable to Progressive's claims for "unabsorbed home office overhead" and "lost labor productivity and inefficiency." The court also found that because the arbitrators awarded substantially less than Progressive requested for these claims, the panel speculated as the amount of damages and the cause of such damages.

OCGA § 9-9-13 (b) (5) provides that an arbitration award shall be vacated if the court finds that the rights of a party were prejudiced by the "arbitrator's manifest disregard of the law."[2] But "[i]n deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation." (Citations and punctuation omitted.) *Cipriani v. Porter*, 269 Ga. App. 695, 696 (1) (605 SE2d 106) (2004).

At the hearing on Progressive's motion to confirm and ABCO's motion to vacate, the parties stipulated to the presentation of all the documentary evidence presented at the original arbitration hearing, and the trial court heard testimony from one of ABCO's expert witnesses. In accepting this stipulation the court undertook to review the sufficiency of the evidence placed before the arbitrator. The Georgia Supreme Court has held, however, that "a reviewing court is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Greene v. Hundley*, 266 Ga. 592, 596-597 (3) (468 SE2d 350) (1996).

In its order, the superior court stated that its review was limited "to the narrow ground of whether the arbitrators indeed manifestly disregarded the law" in calculating Progressive's "unabsorbed home office overhead" and "lost labor productivity and inefficiency" claims.

> The two-prong test for ascertaining whether an arbitrator has manifestly disregarded the law has both an objective and a subjective component. We first consider whether the governing law alleged to have been ignored by the arbitrator was well defined, explicit, and clearly applicable. We then look to the knowledge actually possessed by the arbitrator. The arbitrator must appreciate the existence of a clearly

---

[2] The arbitrator's "manifest disregard of the law" is one of five statutory grounds provided in OCGA § 9-9-13 (b) and applies to all civil actions filed on or after July 1, 2003. See Ga. L. 2003, p. 820, § 9; *Humar Properties v. Prior Tire Enterprises*, 270 Ga. App. 306, 307 (605 SE2d 926) (2004).

governing legal principle but decide to ignore or pay no attention to it. Both of these prongs must be met before a court may find that there has been a manifest disregard of law.

(Citations and punctuation omitted.) *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 398 (629 SE2d 95) (2006). "The applicable law must have been deliberately ignored." (Citation omitted.) Id. at 399. In this case, the arbitration hearing was not transcribed, and the award is silent as to the governing law the arbitrators relied on to calculate Progressive's costs due to delay. See *McGill Homes v. Weaver*, 278 Ga. App. 622, 624 (629 SE2d 535) (2006). And, as the trial court acknowledged in its order, the Arbitration Code does not "require an arbitrator to explain the reasoning behind an award." (Citations and footnote omitted.) *Greene*, supra, 266 Ga. at 595 (2).

The superior court could not determine from the face of the arbitration award what law the arbitrators applied or that the arbitrators deliberately ignored the applicable law. Therefore, in the absence of a hearing transcript of the arbitration proceedings, the court was without authority to vacate the arbitrators' award on the ground that they manifestly disregarded the law. See *McGill Homes*, supra, 278 Ga. App. at 624.

*Judgment reversed. Ruffin, C. J., and Phipps, J., concur.*

Decided September 27, 2006 — 

*McManus & Graham, John C. McManus, Michael L. Solis*, for appellant.

*Miller & Martin, Bryan M. Cavan, Jeffrey L. Evans*, for appellee.