## A06A1067. JOHNSON REAL ESTATE INVESTMENTS, LLC et al. v. AQUA INDUSTRIALS, INC.
(639 SE2d 589)

ADAMS, Judge.

Appellants Johnson Real Estate Investments, LLC, Johnson Research & Development Company, Inc. and Excellatron Solid State, LLC[1] (referred to collectively herein as "Excellatron") appeal from the trial court's order affirming an arbitration award in favor of Aqua Industrials, Inc. Aqua, a subcontractor on a construction project, instituted the arbitration proceeding asserting that after the parties' construction contracts were terminated, its demand for payment of various invoices was not met. The arbitrator issued an award in favor of Aqua, finding that Excellatron had terminated the parties' construction contracts for convenience and awarding Aqua $51,691.25 on Invoice #17A, $7,542.39 on Invoice #19, retainage in the amount of $16,041.80 and expenses in the amount of $8,560.88. The arbitrator then offset $18,094.05 paid on another invoice (Invoice #11) and $39,899.18 paid to a supplier, for a net award of $25,843.09. The arbitrator also awarded Aqua attorney fees in the amount of $10,300.

Excellatron filed a petition to vacate this award in the superior court, and Aqua filed a cross-motion to confirm the award. In response, the trial court issued an order on April 14, 2005, confirming part of the arbitration award, vacating part of the award and remanding the matter to the arbitrator for clarification of the vacated portion of the award. The vacated portion of the award had the effect of subtracting $7,542.39, the amount awarded on Invoice #19, which Excellatron contended that Aqua had not requested in the arbitration and which Excellatron contended it had already paid. In remanding the case, the trial court instructed the arbitrator to clarify that feature of the award and to modify the award accordingly. The trial court also awarded Aqua additional attorney fees in the amount of $4,000.

On May 3, 2005, Excellatron filed an appeal from this order, and on May 11, the arbitrator entered a clarification of his award affirming his intention to award the amount under Invoice #19 to Aqua. This Court dismissed the appeal holding that, in light of the remand and the arbitrator's clarification, which was not addressed in the April 14 order, no final appealable order had been entered by the trial court. *Johnson Real Estate Investments v. Aqua Indus.*, 275 Ga. App. 532 (621 SE2d 530) (2005).

---

[1] Johnson Research & Development Company, Inc. was the owner of the property at issue, and Excellatron Solid State, LLC was the construction manager on the project.

Subsequently, the trial court vacated its April 14 order sua sponte as "clearly procedurally flawed," noting that an arbitration award may be vacated only in its entirety and further that the Georgia Arbitration Code does not require the arbitrator to explain the reasoning behind its findings. The court then entered an order granting Aqua's motion to confirm and denying Excellatron's petition to vacate. The court found that Invoice #19 was a part of the underlying contract and was addressed in the arbitration proceedings; thus the arbitrator had the authority to consider this invoice. In addition, the court found that although there was some evidence that Invoice #19 had been paid and thus that the award under that invoice was duplicative, such fact did not appear on the face of the award and there was nothing to support a finding that the arbitrator manifestly disregarded the law in making the award.

Excellatron asserts error on appeal claiming that (1) the arbitrator manifestly disregarded the law as set forth in OCGA § 9-9-13 (b) (5); (2) the arbitrator exceeded his authority pursuant to OCGA § 9-9-13 (b) (3); (3) the arbitrator failed to follow the procedures under OCGA § 9-9-8 by failing to allow Excellatron to cross-examine Aqua's witness on the issue of attorney fees; and (4) the trial court erred in awarding attorney fees.

1. Excellatron contends that the arbitrator manifestly disregarded the law in three respects. First, he asserts that the evidence in the arbitration hearing showed that Invoice #19 had been paid by a check #7092 on December 20, 2000 and Aqua admitted receiving this check. Thus, Excellatron argues that the arbitrator's award of this amount resulted in a duplicative payment. Second, Excellatron argues that the arbitrator manifestly disregarded the law in failing to find that Aqua breached the contract provision requiring it "to pay for all materials when due." Instead, the arbitrator awarded Excellatron a set-off for the amount it was required to pay Sherwin-Williams for paint when Aqua failed to pay the supplier. Third, Excellatron argues that the arbitrator manifestly disregarded the law in failing to find that Aqua committed fraud.

In upholding the arbitrator's award, the trial court determined that under the manifest disregard standard, it could not review the transcript from the arbitration hearing to determine whether evidence supported the separate damage awards in the case. Because the award was not duplicative on its face, the trial court confirmed the award.

OCGA § 9-9-13 (b) of the Georgia Arbitration Code lists five grounds for vacating arbitration awards, including manifest disregard of the law, and these statutory grounds provide the exclusive

bases for vacating an arbitration award under Georgia law.[2] *Greene v. Hundley*, 266 Ga. 592, 595 (1) (468 SE2d 350) (1996). Accordingly, this Court "will not evaluate the sufficiency of the evidence in arbitration cases[ ] and . . . will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the five statutory grounds is shown." (Citation, punctuation and footnote omitted.) *McGill Homes v. Weaver*, 278 Ga. App. 622, 622-623 (629 SE2d 535) (2006). Excellatron contends, however, that the manifest disregard standard under OCGA § 9-9-13 is intended to give courts a reduced review of the evidence, relying upon Justice Carley's dissent in *Progressive Data Systems v. Jefferson Randolph Corp.*, 275 Ga. 420 (568 SE2d 474) (2002).

But manifest disregard of the law, a concept originating in federal common law, has never been the equivalent of insufficiency of the evidence or a misapplication of the law to the facts. It is a much narrower standard. As interpreted by the federal courts, manifest disregard of the law requires (1) that the governing law alleged to have been disregarded is well defined, explicit and clearly applicable and (2) proof that the arbitrator was aware of the law but decided to ignore it.[3] *Malice v. Coloplast Corp.*, 278 Ga. App. 395, 398-399 (629 SE2d 95) (2006). Thus, "[a]n error in interpreting the applicable law does not constitute 'manifest disregard.' The applicable law must have been deliberately ignored." (Citation omitted.) Id. at 399. See also *B. L. Harbert Intl. v. Hercules Steel Co.*, 441 F3d 905, 910 (11th Cir. 2006). Proof of manifest disregard of the law, therefore, requires a "showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." (Citation and punctuation omitted.) *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 390 (6) (512 SE2d 300) (1999).

---

[2] Those grounds are
(1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection; or (5) The arbitrator's manifest disregard of the law.
OCGA § 9-9-13.

[3] Excellatron has failed to show any evidence that the Georgia legislature intended to adopt something other than this federally recognized concept under OCGA § 9-9-13. In fact, Justice Carley's dissent in *Progressive*, upon which Excellatron relies, argued for the adoption of the federal manifest disregard standard and recognized the distinction between that standard and a sufficiency of the evidence analysis. 275 Ga. at 424 (2). Justice Carley agreed that an arbitration award could not be reviewed to determine the sufficiency of the evidence, but he felt that adoption of the manifest disregard standard would be appropriate because it required more than mere error or misunderstanding with respect to the law. Id.

(a) *Invoice #19* — Excellatron has failed to establish that the arbitrator manifestly disregarded the law in awarding recovery under Invoice #19. The arbitrator's clarification of his award demonstrates that he did not ignore the law, but rather grounded the award in the parties' contracts.[4] While there was evidence that Invoice #19 had already been paid, the clarification points to another potential basis for awarding that amount under the contract. The contract language expressly contemplated that Excellatron, as construction manager, could be liable in damages to Aqua "for hindrance or delays due solely to fraud, bad faith or active interference." And a separate contract provision rendered Aqua liable to Excellatron if Aqua was not ready to perform when needed. Relying upon these provisions, the arbitrator determined that Excellatron did not use good faith in keeping Aqua apprised of the status of the work schedule, thus preventing Aqua from accepting other work. The award of damages under Invoice #19 was presumably intended to compensate for Excellatron's bad faith in this regard.

Pretermitting the question of whether a court would make such an award, it does not equate with manifest disregard of the law and does not provide a ground to vacate the arbitration award. It is not the function of this Court to second-guess the arbitrator's interpretation of the contract. See *Power Svcs. Assoc. v. UNC Metcalf Servicing*, 338 FSupp.2d 1375, 1382 (N.D. Ga. 2004).

(b) *Set-offs* — Excellatron asserts that the arbitrator manifestly disregarded the law in not finding that Aqua had breached the contract by failing to pay its suppliers. Excellatron notes that the arbitrator deducted from the award as a set-off $39,899.18, which is the amount that Excellatron paid to Sherwin-Williams for materials used by Aqua in the project. Excellatron asserts that the only way that this amount could have been set off against the award was if the arbitrator determined that Aqua had failed to pay it as required by the agreement.

Although one provision of the contracts did require that Aqua pay its suppliers, it was just one of many provisions that the arbitrator was required to interpret. Another provision, for example, stated that if Excellatron were required to pay any of Aqua's suppliers, the amounts paid could be deducted from any sums due to Aqua. As noted above, "courts must not decide the rightness or wrongness of the

---

[4] We acknowledge that the Georgia Arbitration Code "does *not* require that an arbitrator enter written findings of fact in support of an award; nor does the Code require an arbitrator to explain the reasoning behind an award." (Footnote omitted; emphasis in original.) *Greene v. Hundley*, 266 Ga. at 595 (2). Thus, while the trial court could not legally require that the arbitrator clarify his award, the arbitrator did provide such clarification and it is instructive of the reasons behind his award.

arbitrators' contract interpretation, only whether their decision 'draws its essence' from the contract." (Citation and punctuation omitted.) *U. S. Intermodal &c. Express v. Ga. Pacific Corp.*, 267 Ga. App. 832, 833 (600 SE2d 800) (2004). In this case, the set-off did draw its essence from the contract, and Excellatron has failed to establish that the arbitrator manifestly disregarded the law. Compare *Sweatt v. Intl. Dev. Corp.*, 242 Ga. App. 753 (531 SE2d 192) (2000) (vacating arbitration award where arbitrator failed to apply unambiguous liquidated damages provision of contract, and instead awarded actual damages).

(c) *Fraud* — Excellatron also argues that the arbitrator manifestly disregarded the law in failing to find that Aqua committed fraud by submitting an invoice for work it did not perform. The arbitrator found that this invoice had been paid "erroneously." Excellatron's argument does not establish a manifest disregard of the law, but is simply another request that this Court substitute its judgment for that of the arbitrator, which we cannot do.

2. Excellatron next asserts that the arbitrator overstepped his authority in awarding the amount under Invoice #19. We disagree.

" 'Overstepping' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as 'addressing issues not properly before the arbitrator.' " (Citations omitted.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 598 (1) (b) (499 SE2d 693) (1998). Here, Aqua initiated the arbitration proceeding to recover amounts due under the contracts. As previously discussed, the arbitrator's award under Invoice #19 was grounded in his interpretation of the contract language. "The authority of an arbitrator gives her the inherent power to fashion a remedy as long as the award draws its essence from the contract or statute." (Punctuation and footnote omitted.) *Greene v. Hundley*, 266 Ga. at 595 (2). Accordingly, the arbitrator did not overstep his authority in making that award. See *Scana Energy Marketing v. Cobb Energy Mgmt. Corp.*, 259 Ga. App. 216, 217-218 (1) (a) (576 SE2d 548) (2002); *Haddon v. Shaheen & Co.*, 231 Ga. App. at 598 (1) (b).

3. Excellatron asserts that the arbitrator failed to follow the procedure set forth in OCGA § 9-9-8 entitling the parties to cross-examine witnesses in the arbitration proceeding. Excellatron asserts that the arbitrator failed to allow it to cross-examine Aqua's counsel on the issue of attorney fees.

The arbitration record demonstrates that after the conclusion of the testimony, the arbitrator complimented the attorneys on the job they had done and went off the record. The proceeding later went back on the record with the arbitrator's statement, "We were about to close, but a question was raised regarding attorney's fees by the Claimants

if they were the prevailing party." The arbitrator noted that Excellatron's counsel had objected because no evidence had been presented on this issue. The arbitrator then questioned Aqua's counsel as to the amount of his attorney fees. Excellatron raised no objection on the record to this testimony and made no effort to cross-examine Aqua's counsel. Thus, there is nothing to indicate that Excellatron was prevented from cross-examining the witness. Moreover, while the arbitrator appears to acknowledge that Excellatron had not had a chance to respond, there is nothing to indicate that it was in any way prevented from responding. Under these circumstances, we find no ground for vacating the arbitration award.

4. Excellatron also contends that the trial court erred in awarding Aqua its attorney fees incurred in defending against the petition to vacate. The contract provides that in any dispute, the prevailing party "shall be entitled to recover from the non-prevailing party all court costs and all reasonable attorney's fees incurred as a result of bringing such an action, including but not limited to trial or appeal or mediation, court order arbitration or settlement at trial or on appeal." The trial court awarded Aqua $4,849.64 in attorney fees under this provision, and Excellatron contends (1) that Aqua did not differentiate between the fees incurred in defending against Excellatron's petition to vacate and in prosecuting its motion to confirm and (2) that this amount was not reasonable, relying upon cases addressing the statutory award of attorney fees.

Where the parties contract for attorney fees in connection with an arbitration proceeding, the courts will enforce that agreement. See *Hope & Assoc. v. Marvin M. Black Co.*, 205 Ga. App. 561, 562 (1) (422 SE2d 918) (1992). In this instance the parties agreed that the prevailing party was entitled to reasonable attorney fees arising out of the parties' dispute, including an appeal. Nothing in the contract language prohibits Aqua from collecting attorney fees based upon their defense of Excellatron's petition to vacate. Although the language of the contract speaks in terms of fees incurred "as a result of bringing such an action," it does not limit recovery only to the person who brings the action, but rather allows recovery to the prevailing party. Thus, the language contemplates that the party defending the action could prevail and would be entitled to recover attorney fees. Further, the trial court specifically found that the amount of fees requested by Aqua was reasonable, and we find no basis in the record for reversing that determination.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 30, 2006.

*John D. Thalhimer*, for appellants.
*Ganek, Wright & Dobkin, Chad R. Henderson*, for appellee.