A06A2005. DAN J. SHEEHAN COMPANY v. McCRORY CONSTRUCTION COMPANY, INC.
(643 SE2d 546)

MILLER, Judge.

Following arbitration of a contract dispute between Dan J. Sheehan Company ("Sheehan") and McCrory Construction Company, Inc. ("McCrory"), the arbitrator awarded Sheehan $117,997.05, but granted McCrory a set-off in the amount of $16,062. The arbitrator also awarded McCrory $92,849 in attorney fees, costs, and expenses. Sheehan moved to vacate the arbitration award, arguing that the arbitrator manifestly disregarded the law. The trial court denied Sheehan's motion, and Sheehan appeals. For reasons that follow, we affirm.

The record shows that in September 2001, McCrory became the contractor for a construction project at the Oglethorpe Mall in Savannah. The overall construction agreement contained an arbitration clause and, with respect to attorney fees, provided:

> The prevailing party in any such arbitration shall be entitled to recover, in addition to its damages, all costs and expenses incurred in connection with the arbitration, including, without limitation: (i) its reasonable attorney fees . . . ; and (ii) any fee paid to the arbitrator(s).

In connection with the project, Sheehan entered into a subcontract with McCrory to install tile. The subcontract incorporated the arbitration provisions of the overall construction agreement, including the language regarding attorney fees and costs associated with arbitration. The construction agreement and subcontract do not define the term "prevailing party."

Sheehan commenced work on the project and began receiving payment under the subcontract. At some point, however, a dispute arose between the parties. On May 12, 2003, Sheehan demanded arbitration of its claims that McCrory owed it money under the subcontract, as well as sums for "additional work" relating to the removal and replacement of certain tile. Sheehan also sought interest, costs, and attorney fees. McCrory answered, asserting a counterclaim for damages incurred in connection with the tiling project. McCrory further claimed that it had previously reached an agreement with Sheehan that resolved all outstanding issues of payment and liability.

The arbitration proceeded over a six-day period. After the conclusion of the evidence, the parties briefed various issues for the arbitrator, including the proper standard for identifying the "prevailing party." The arbitrator ultimately determined that McCrory owed Sheehan $117,997.05 under the subcontract. The arbitrator further found, however, that McCrory had timely tendered this amount to Sheehan, precluding Sheehan's claim for interest. The arbitrator also denied Sheehan's request for additional compensation. With respect to McCrory's counterclaim, the arbitrator awarded it a set-off in the amount of $16,062, resulting in a net award to Sheehan of $101,935.05.

The arbitrator then identified McCrory as the prevailing party and awarded it attorney fees and costs, concluding:

> Although the net award is in favor of Sheehan, I find that McCrory is the prevailing party in this matter. Sheehan asserted a claim of $463,739 but only proved entitlement to $101,935.05, which was less than the amount offered by

McCrory in December 2003/January 2004 to conclude the contractual issues between these parties. Therefore, the award does not materially alter the legal relationship between the parties beyond that which was previously offered by McCrory. I conclude that, under any fair reading of the contract requiring an award of attorney's fees, costs and expenses to the prevailing party, McCrory is the prevailing party. . . . McCrory is therefore entitled to recover reasonable attorneys fees, costs and expenses.

Sheehan moved to vacate the arbitrator's award in the trial court, arguing that the arbitrator manifestly disregarded the law in: (1) finding McCrory to be the "prevailing party" for purposes of awarding attorney fees and costs; (2) considering evidence of a settlement offer; and (3) calculating the costs and fees awarded McCrory. The trial court denied Sheehan's motion, finding that the arbitrator had not manifestly disregarded the law. We agree.

Judicial review of an arbitration award is limited, and a trial court may only vacate an award based on specified statutory grounds. See OCGA § 9-9-13 (b); *Johnson Real Estate Investments v. Aqua Industrials*, 282 Ga. App. 638, 639-640 (1) (639 SE2d 589) (2006). Although "manifest disregard of the law" is an appropriate ground for vacating an award, such "disregard" does not arise simply through misapplication or misinterpretation of the law. See OCGA § 9-9-13 (b) (5); *Johnson Real Estate*, supra. Rather, manifest disregard requires (1) that the allegedly disregarded law be well defined, explicit, and clearly applicable; and (2) that the arbitrator was aware of the law but chose to ignore it. *Johnson Real Estate*, supra, 282 Ga. App. at 640 (1); see also *Progressive Plumbing v. ABCO Builders*, 281 Ga. App. 696, 697-698 (637 SE2d 92) (2006). As we recently stated: "[A]n error in interpreting the applicable law does not constitute manifest disregard. The applicable law must have been deliberately ignored." (Citation and punctuation omitted.) *Johnson Real Estate*, supra, 282 Ga. App. at 640.

1. Sheehan first contends that the arbitrator manifestly disregarded the law when he found that, for purposes of awarding attorney fees and costs, McCrory was the prevailing party. We disagree.

In this case, both McCrory and Sheehan were prevailing parties in the sense that each recovered damages: Sheehan received approximately $118,000 in contractual damages and, based on its counterclaim, McCrory received a $16,000 set-off against that amount. Thus, the question is whether the arbitrator's finding that McCrory was the prevailing party, despite the fact that it recovered less damages than Sheehan, resulted from a manifest disregard of the law. We find that it did not.

Under Georgia law, "a plaintiff prevails when actual relief on the merits materially alters the legal relationship between the parties by modifying the defendant's behavior in any way that directly benefits the plaintiff. [Cit.]" *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 529 (3) (543 SE2d 32) (2001). In reaching his decision, the arbitrator concluded that the arbitration award "[did] not materially alter the legal relationship between the parties beyond that which was previously offered by McCrory." This language demonstrates that the arbitrator used the correct legal standard, which was cited to him by both parties in post-hearing briefs.

Regardless of whether the arbitrator properly interpreted and applied the "prevailing party" standard, nothing indicates that he *ignored* it. See *Lanier Worldwide v. Bridgecenters at Park Meadows, LLC*, 279 Ga. App. 879, 882 (1) (633 SE2d 49) (2006) (no manifest disregard where arbitrator acknowledged the governing legal principle, then applied it to the facts of the case). Moreover, Sheehan has cited no authority clearly establishing that a factfinder — such as the arbitrator in this case — cannot consider a settlement tender in determining the prevailing party. Compare *Keeler v. Keeler*, 263 Ga. 151, 152 (1) (430 SE2d 5) (1993) (because factfinder must determine who is the prevailing party, trial judge erred in concluding, based on net effect of pretrial settlement offer, that defendant prevailed in case in which jury awarded plaintiff monetary damages; "[t]o permit the fact of a settlement offer to control the issue would put the decision in the trial judge's hands, conflicting with the holding . . . that it is the finder of fact who decides which is the prevailing party"). Under these circumstances, the arbitrator did not manifestly disregard the law regarding prevailing parties.

2. Sheehan further claims that the arbitrator disregarded the law governing settlement offer tenders, resulting in erroneous decisions regarding the prevailing party and interest. According to Sheehan, the record contains no evidence of a valid settlement tender by McCrory. In reviewing an arbitration award, however, a court "is prohibited from weighing the evidence submitted before the arbitrator, regardless of whether the court believes there to be sufficient evidence, or even any evidence, to support the award." *Progressive Plumbing*, supra, 281 Ga. App. at 697. In short, neither this Court nor the trial court can consider whether McCrory proved that it validly tendered a settlement payment. See *Johnson Real Estate*, supra, 282 Ga. App. at 642 (1) (c); *McGill Homes v. Weaver*, 278 Ga. App. 622, 623-624 (629 SE2d 535) (2006).

Moreover, Sheehan did not include a transcript of the arbitration proceedings in the appellate record. Even if we could review the facts underlying the arbitrator's award, the record does not contain the evidence necessary for review. Without a transcript, Sheehan also

cannot support its related claim that the arbitrator erroneously considered proof of the settlement offer. Although Sheehan claims that the offer constituted improper evidence, it cannot establish the context in which the evidence was presented or demonstrate that it raised any objection. The absence of a transcript thus "preclud[es] [Sheehan] from fulfilling its burden of showing by the record that the arbitrator manifestly disregarded the law." *McGill Homes*, supra, 278 Ga. App. at 624.

3. Finally, Sheehan argues that McCrory failed to prove that it reasonably incurred $92,849 in attorney fees and costs, undermining the arbitrator's fee award. The parties' contractual agreement authorized the party who prevailed through arbitration to recover all costs and expenses — including "reasonable attorney fees" — incurred in connection with the arbitration. The arbitrator acknowledged this provision, concluding that McCrory was entitled to reasonable fees, costs, and expenses "associated with defense of Sheehan's claims in this arbitration after reduction for a portion of the fees and costs associated with pursuit of its counterclaims." He then awarded McCrory $92,849.

Nothing in the arbitrator's award indicates that he ignored the contractual language regarding arbitration costs and expenses. To the extent Sheehan claims that the fees awarded were not, in fact, reasonable, such argument goes to the sufficiency of the evidence supporting the award, which cannot be reviewed by this Court. Sheehan thus has not shown manifest disregard with respect to the amount of the fee award.[1] See *Johnson Real Estate*, supra, 282 Ga. App. at 641-642 (1) (b), (c).

The arbitrator did not manifestly disregard the law in resolving this dispute. Accordingly, the trial court properly denied Sheehan's motion to vacate the arbitrator's award. See OCGA § 9-9-13 (b); *Johnson Real Estate*, supra, 282 Ga. App. at 640; *McGill Homes*, supra, 278 Ga. App. at 624.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2007 — 

*Callaway, Braun, Riddle & Hughes, Stanley E. Harris, Jr.*, for appellant.

---

[1] Sheehan's passing suggestion that the award improperly apportioned responsibility for the arbitrator's compensation also provides no basis for reversal. The contract agreement authorized the prevailing party to recover expenses incurred in connection with the arbitrator's fee. Once again, Sheehan has not demonstrated that the arbitrator ignored this provision.

*Ellis, Painter, Ratterree & Adams, Ryburn C. Ratterree, Tracy A. O'Connell*, for appellee.