### A08A0461. SMITH v. R. JAMES PROPERTIES, INC.
(665 SE2d 19)

PHIPPS, Judge.

Tracy Smith filed this direct appeal from an order of the State Court of DeKalb County granting her landlord, R. James Properties, Inc., a writ of possession due to her failure to pay rent.

R. James Properties has filed a motion to dismiss this appeal on two grounds. First, R. James Properties argues that dismissal of this appeal is required because Smith failed to file an application for discretionary appeal. Applications for discretionary appeal are required in "[a]ppeals from cases involving distress or dispossessory warrants in which the only issue to be resolved is the amount of rent due and such amount is $2,500.00 or less."[1] A review of Smith's notice of appeal shows that she seeks to raise issues other than the amount of rent due. Therefore, an application for discretionary appeal was not required. Second, R. James Properties seeks a dismissal of this appeal because of Smith's failure to file a transcript of the hearing below. It is well established, however, that an appellant's failure to file a transcript provides a ground for affirmance rather than dismissal of the appeal.[2]

[1] OCGA § 5-6-35 (a) (3).

[2] E.g., *Brown v. Premiere Designs*, 266 Ga. App. 432, 434 (597 SE2d 466) (2004).

But Court of Appeals Rule 23 (a) requires an appellant to file a brief containing an enumeration of errors within 20 days after the appeal is docketed, and further provides that "[f]ailure to file within that time, unless extended upon motion for good cause shown, may result in the dismissal of the appeal, and may subject the offender to contempt." Pursuant to Court of Appeals Rule 13, upon the docketing of every appeal, the Clerk of the Court of Appeals mails a docketing notice informing the appellant that failure to file the enumeration of errors and brief may result in the dismissal of the appeal. The appeal here was docketed in October 2007, and Smith has yet to file a brief with an enumeration of errors or respond to the motion to dismiss. We, therefore, dismiss this appeal under Court of Appeals Rule 23 (a). In so doing, we note that OCGA § 5-6-48 (b) does provide that no appeal shall be dismissed or consideration of any enumerated error refused except (1) for failure to file a timely notice of appeal, (2) where the decision or judgment is not appealable, or (3) where the questions presented have become moot. Thus, an appeal is not subject to dismissal simply because the appellant has filed an untimely brief and enumeration of errors.[3] We, nonetheless, have the discretion to dismiss an appeal where, as here, the appellant has violated our rules by never presenting any enumerated error for our consideration by filing a brief.

*Appeal dismissed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 26, 2008.

Tracy G. Smith, *pro se.*

*Fowler, Hein, Cheatwood & Williams, Robert P. Hein,* for appellee.

---

[3] See *Heard v. State*, 274 Ga. 196, 198 (2) (552 SE2d 818) (2001).