A08A2410. ASSET ACCEPTANCE, LLC v. WHEELER.
(672 SE2d 493)

MIKELL, Judge.

Asset Acceptance, LLC, appeals the trial court's order vacating an arbitration award for failure to comply with the procedures set forth in the Georgia Arbitration Code, codified at OCGA § 9-9-1 et seq. We affirm.

The record shows that Asset Acceptance filed a claim with the National Arbitration Forum (the "Forum") against appellee Stephanie Wheeler to recover credit card debt that Ms. Wheeler

---

allegedly owed. On December 13, 2006, the arbitrator entered an award in favor of Asset Acceptance in the amount of $38,904.35, without holding a hearing. On February 5, 2007, Asset Acceptance filed an action to confirm the arbitration award in the Superior Court of Gwinnett County. The court held an initial hearing on the matter on January 22, 2008, but continued the case to allow appellee to gather evidence. At the final hearing on the matter, which was held on March 6, 2008, the evidence showed that appellee received a notice of arbitration via statutory overnight delivery on October 30, 2006; that appellee responded in writing on November 29, 2006, contesting the arbitration and asking for verification of the amount allegedly owed; and that Asset Acceptance mailed a response to appellee's letter to the arbitrator and appellee on December 12, 2006, in which it stated that appellee was bound to arbitrate the dispute because arbitration clauses were added to the credit card agreements in 1999, which is the year that appellee opened her account. On the following day, the arbitrator rendered the award.

The trial court noted that on its face the award provided that Wheeler was to receive a second notice of arbitration from the Forum and that an arbitration notice was duly delivered to the parties as required by the Forum Rules. When asked if these notices had been delivered, counsel for Asset Acceptance indicated that he did not know. The trial court concluded that appellee had not received proper notice.

"Judicial review of an arbitration award is limited, and a trial court may only vacate an award based on specified statutory grounds."[1] One of those statutory grounds is the failure to follow the procedure set forth in the Georgia Arbitration Code.[2] In addition to the fact that there was no evidence that the Forum followed its own rules of procedure, OCGA § 9-9-8 (a) requires a hearing and prior notice of that hearing and OCGA § 9-9-8 (b) states that "[t]he parties are entitled to be heard; to present pleadings, documents, testimony, and other matters; and to cross-examine witnesses." These requirements, however, can be waived by written consent of the parties or the conduct of continuing with the arbitration without objection.[3] In the instant case, there was no written consent or conduct that waived these requirements or evidence that they had been satisfied.[4] Accordingly, we affirm the trial court's order vacating

---

[1] (Citations omitted.) *Dan J. Sheehan Co. v. McCrory Constr. Co.*, 284 Ga. App. 159, 161 (643 SE2d 546) (2007). See OCGA § 9-9-13 (b). See also *Barron Reed Constr. v. 430, LLC*, 275 Ga. App. 884, 887 (2) (622 SE2d 83) (2005).

[2] See OCGA § 9-9-13 (b) (4).

[3] See OCGA §§ 9-9-13 (d); 9-9-8 (f).

[4] Compare *Brown v. Premiere Designs*, 266 Ga. App. 432, 433-434 (597 SE2d 466) (2004)

the award pursuant to OCGA § 9-9-13 (b) (4) for failure to follow procedure.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 13, 2009.

*James T. Freaney*, for appellant.
Stephanie L. Wheeler, *pro se.*

---

(award not vacated under OCGA § 9-9-13 (b) (4) because parties waived OCGA § 9-9-8 (e) requirement that arbitrator maintain record of matters introduced at the hearing).