OPINION OF THE COURT
Robert E. Fischer, J.
Plaintiff, the Candor Central School District (the "district”), brings this application for an order restraining the defendant, the American Arbitration Association ("AAA”), from proceeding with arbitration of issues between the district and the Candor Faculty Association pending a determination of the district’s stay of arbitration motion in a CPLR 7503 proceeding before another court involving the latter parties.
The faculty association had earlier demanded arbitration *268 under its contract with the district, and gave notice of such demand to the AAA, the organization designated by the contract to arbitrate issues between them. However, the district did not make the AAA a party to the initial CPLR 7503 motion, nor did it obtain a preliminary stay of arbitration pending the determination of that application. As a consequence, the AAA — in performance of its arbitration function— proceeded to give the district the customary notice to make a choice of arbitrators or waive such choice. The district now brings its motion before this court to stay AAA from proceeding, pending a decision of the CPLR 7503 application now pending before another court.
Counsel for the district sought argument and formal adjudication of the present issue, urging that the AAA’s determination to proceed — notwithstanding the pending CPLR 7503 application — has occurred before under similar circumstances. The AAA also appears to contest the issue and seek judicial guidance since, in a previous application, under similar circumstances, this court had stayed the AAA and assessed motion costs in the absence of an appearance by the AAA (Hancock Cent. School v American Arbitration Assn., Supreme Ct, Broome County, Jan. 20, 1977).
Upon its present appearance, the AAA asserts that its objectivity and independence as an arbitrator are threatened by being named as an adverse party; that in order to insure an efficient, inexpensive and expedited arbitral resolution once the process is initiated, the AAA must routinely proceed to hear and determine the arbitration issues and refrain from granting a stay of proceedings at the informal request of one of the parties or upon the simple initiation of a CPLR 7503 proceeding to stay arbitration. The AAA also urges that once arbitration is initiated under the contract, it must proceed on the assumption that at least one of the parties continues to pursue the arbitration remedy, and it has therefore established a policy whereby a matter once commenced will not be "tabled” unless upon stipulation of the parties or upon a court order staying proceedings pending the adjudication of arbitrability. The AAA urges that, in the absence of such stipulation of the parties or court order staying the process, interruption of arbitration on the AAA’s own initiative after receiving notice of a CPLR 7503 proceeding commenced by one of the parties could lead to greater delay — due to unforeseen circum *269 stances or by design — while the opposing party may be entitled to and continues to demand arbitration.
Counsel for the district, on the other hand, suggests that pursuit of a temporary restraining order and/or preliminary injunction in the CPLR 7503 proceeding is wasteful of both judicial time and the client’s money in many cases, since applications to stay arbitration seldom lack merit and the opposing party often concurs in delaying the process to await a determination of arbitrability. The district also asserts that application for temporary restraint in that proceeding may engender or increase hostility between the parties and thereby impede ongoing negotiations.
In addressing this narrow issue, we bear in mind the beneficial purpose of the arbitration process as recently expressed in Matter of Maye (Bluestein) (40 NY2d 113, 117-118): "to achieve a final disposition of differences between the parties in an easier, more expeditious and less expensive manner”. We likewise note a long-established judicial reluctance to intervene in that process: "[A]n arbitration proceeding is, except in specified particulars, outside the court realm and jurisdiction — deliberately so taken out of the court by choice and commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum” (Matter of Katz [Burkin], 3 AD2d 238, 239). Viewing the arguments of the parties in the light of these propositions, we conclude that the AAA’s position better fulfills the purposes of the arbitration process.
By designating the AAA in the collective bargaining agreement to provide the forum and conduct the arbitration process between the district and the association, those parties impliedly adopted the AAA’s rules, a copy of which is before the court. Those rules provide that the AAA is not a necessary party in related judicial proceedings (par 42), and it is apparent that its objectivity is best preserved if it is not a party. Naming the AAA as a party — even without appearance and answer — also necessitates some legal costs to it which are ultimately borne by the parties to the arbitral process.
Further, while not specifically articulating the AAA’s re *270 fusal to halt the process unless the parties voluntarily agree or are judicially stayed, it is apparent that the rules are designed to permit a quick and orderly pursuit of arbitration once commenced (pars 7, 8, 12, 19, 22), with adjournments available at the arbitrator’s discretion only "for good cause shown” (par 23). Finally, the party initiating arbitration would reasonably expect the process to continue unabated thereafter, unless adjourned by consent of the parties, or upon order of the court. The party opposing arbitration — at risk of waiving its objections to the process by participating in it (Binghamton Civ. Serv. Forum v City of Binghamton, 44 NY2d 23, 29, n; Matter of Dalcro Corp. [International Ladies’ Garment Workers’ Union], 30 Misc 2d 456, 460) — should properly have the burden of obtaining a judicial stay in the article 75 proceeding wherein it must establish cause for interruption of the process, thus insuring that those proceedings will not be used solely to delay implementation of the arbitration agreement.
We conclude, therefore, that the application of the district in this court to restrain the AAA from pursuing the arbitration process in accordance with its rules is inappropriate, and the district should be relegated to the relief available in the pending CPLR 7503 proceeding against its faculty association.