A94A0585. McKOWN v. AMERICAN ARBITRATION
ASSOCIATION.
(444 SE2d 114)

McMURRAY, Presiding Judge.
Fasullo and plaintiff McKown are parties to a contract which under its provisions is governed by the law of Louisiana. The contract also provides that any dispute arising thereunder shall be settled by arbitration to be held in or near New Orleans, Louisiana, in accordance with the rules in effect of the defendant American Arbitration Association. Fasullo, who is not a party to this action, initiated an arbitration proceeding with defendant in New Orleans against plaintiff, who then filed this action in the Superior Court of DeKalb County seeking an injunction prohibiting defendant from continuing the arbitration proceeding.

Although plaintiff was initially granted, ex parte, a temporary restraining order, after a hearing the lower court entered an order denying further injunctive relief. Plaintiff appealed to the Supreme Court

which transferred the case to this court since only issues of law were presented on appeal. The Supreme Court transfer order states the primary issue on appeal as "whether the trial court was correct in ruling that the American Arbitration Association is not a proper and necessary party to the proceeding. . . ." *Held*:

Although a first impression question in Georgia and rarely addressed elsewhere, the courts of other jurisdictions appear to have rejected any argument that defendant has an interest in the subject matter of the controversies submitted to it for arbitration and have held defendant is an unnecessary party in judicial proceedings seeking to enjoin arbitration. *Aberle Hosiery Co. v. American Arbitration Assn.*, 337 FSupp. 90; *Peters Sportswear Co. v. American Arbitration Assn.*, 233 A2d 558; *Candor Central School Dist. v. American Arbitration Assn.*, 411 NYS2d 162. See also *Dunellen Bd. of Ed. v. Dunellen Ed. Assn.*, 311 A2d 737. These cases note a judicial preference to restrain parties to a controversy rather than restraining the tribunal from hearing the matter, and there are also repeated references to defendant's rules which parties (such as plaintiff) have contractually agreed to accept and which provide that defendant is not a necessary party in judicial proceedings related to the arbitration. These cases are consistent with the Georgia rule that: "A person without any interest in the subject-matter of an equity suit, and who can not be affected by the decree rendered therein, is neither a necessary nor proper party." *Pope v. U. S. Fidelity &c. Co.*, 193 Ga. 769, 779 (6) (20 SE2d 13). We find the reasoning of these cases persuasive but must address one further point.

Plaintiff maintains that this action does not relate to the arbitrability of her dispute with Fasullo, but "rather this action is simply to enjoin [defendant] from ignoring Louisiana's statutory scheme governing the arbitration of disputes and depriving [plaintiff] of her rights under the Louisiana statute." This is a reference to LSA-R.S. 9:4203, plaintiff's construction of which may be reasonably said to be the cornerstone of her position in this case. Plaintiff maintains that the provisions of this Louisiana statute are mandatory so as to give her the right to await an order compelling arbitration, that the burden to obtain such an order is placed upon Fasullo, and that defendant's procedures force her to forego these rights. Based on this statutory construction, plaintiff would also distinguish much of the case law from other jurisdictions cited above as arising in a different statutory framework. The weakness in plaintiff's position is that the provisions of LSA-R.S. 9:4203 have been held to be permissive and not mandatory where, as in the case sub judice, the parties to the controversy have provided an alternative procedure via their agreement (i.e., defendant's rules). *Musso's Corner v. A & R Underwriters*, 539 S2d 915, 917.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED APRIL 29, 1994 —
RECONSIDERATION DENIED MAY 11, 1994 — 

*J. Wayne Pierce, Dargan S. Cole*, for appellant.
*Gambrell & Stolz, Bryan M. Cavan, Linda A. Klein*, for appellee.