A01A0351. SOUTHWIRE COMPANY, NSA, LTD. et al.
v. AMERICAN ARBITRATION ASSOCIATION et al.
(545 SE2d 681)

PHIPPS, Judge.

Southwire Company, NSA, Ltd. and ICG Kaiser Engineers, Inc. (referred to collectively as Southwire) filed a "motion and application" in the Superior Court of Carroll County. Southwire named Pamas & Company, Inc. (Pamas) and the American Arbitration Association (AAA) as respondents. Southwire sought to vacate an arbitration award in favor of Pamas and to disqualify the arbitration panel. The AAA filed no responsive pleadings, but Pamas answered and filed a cross-motion to confirm the award. Southwire appeals an order granting Pamas's motion and denying Southwire's. The question is whether the court erred in refusing to vacate the award under OCGA § 9-9-13 (b). We find no error and affirm.

Southwire awarded a $7,637,918 contract to Pamas. Pamas, whose principal place of business is in Georgia, became obligated to fabricate and deliver certain goods for a construction project in Kentucky. Upon final payment of monies due under the contract, Southwire withheld $508,204 as a set-off against sums allegedly owed it because of Pamas's incomplete performance of the contract. As a result, Pamas initiated an arbitration proceeding against Southwire with the AAA, seeking a total of $623,414.80 in damages.

---

[5] *Palmer v. State*, 243 Ga. App. 656, 657 (533 SE2d 802) (2000).

Southwire counterclaimed for $646,156.68 in damages. After conducting a preliminary hearing, the arbitration panel awarded Pamas $253,809 in damages as "interim relief."

1. Southwire contends that the superior court erred in determining that this arbitration dispute is governed by the Federal Arbitration Act (FAA)[1] rather than the Georgia Arbitration Code (GAC).[2]

Under *Volt Information Sciences v. Bd. of Trustees &c.*,[3] as interpreted in *North Augusta Assoc. Ltd. Partnership v. 1815 Exchange*,[4] Southwire correctly argues that even though the transaction in this case involves interstate commerce, Georgia law applies by operation of a choice of law clause in the parties' contract stating that the laws of the State of Georgia shall govern "the validity, interpretation, and enforcement of" the contract. This does not, however, mandate a reversal of the judgment. It simply means that we review the trial court's confirmation of the arbitration award under the standards of the GAC as set forth in OCGA § 9-9-13 (b), rather than under the comparable standards of the FAA as found in 9 USC § 10 (a).[5]

2. Under OCGA § 9-9-13 (b), an arbitration award shall be vacated on the application of a party if the court finds that the rights of that party were prejudiced by:

> (1) Corruption, fraud, or misconduct in procuring the award; (2) Partiality of an arbitrator appointed as a neutral; (3) An overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made; or (4) A failure to follow the procedure of this part, unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection.

OCGA § 9-9-13 (b) sets forth the exclusive grounds upon which an arbitration award may be vacated.[6] "[T]he power of a court to vacate an arbitration award has been *severely limited* in order not to

---

[1] 9 USC § 1 et seq.

[2] OCGA § 9-9-1 et seq.

[3] 489 U. S. 468 (109 SC 1248, 103 LE2d 488) (1989).

[4] 220 Ga. App. 790, 791 (1) (469 SE2d 759) (1996).

[5] In order to vacate an arbitration award under 9 USC § 10 (a), the movant must prove that at least one of the following four conditions exists: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrators, or either of them; (3) that the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

[6] *Akintobi v. Phoenix Fire Restoration Co.*, 236 Ga. App. 760, 761 (513 SE2d 507) (1999).

frustrate the legislative purpose of avoiding litigation by resort to arbitration. [Cit.]"[7]

Insofar as OCGA § 9-9-13 (b) (3) is concerned, we have held in *Sweatt v. Intl. Dev. Corp.*[8] and prior cases that " 'overstepping' means that the arbitrator addressed issues not properly before him. [Cit.]"[9] But this court in *Sweatt*, supra, and the federal appellate court in *Pacific Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*[10] also recognized that the arbitrator may not ignore the plain language of the parties' contract. Nonetheless, "courts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether [their] decision 'draws its essence' from the contract."[11]

OCGA § 9-9-13 (b) (4) mandates a vacation of the arbitration award if the arbitrators failed to follow the procedures of the GAC absent a waiver by the complaining party. OCGA § 9-9-8 (a) requires the arbitrators to convene a hearing, and OCGA § 9-9-8 (b) states that "[t]he parties are entitled to be heard; to present pleadings, documents, testimony, and other matters; and to cross-examine witnesses."

3. Southwire claims that the arbitrators failed to follow required procedure by granting interim relief without a proper evidentiary hearing and overstepped their authority by disregarding a clause in the parties' contract.

The preliminary hearing conducted by the arbitrators before issuing the interim award was not transcribed. Although the notice of the hearing did state that its purpose was to hear arguments of the parties regarding their requests for interim relief, it also stated that the AAA would provide appropriate forms if either party needed subpoenas, and the record shows without dispute that documentary evidence was presented and considered at the hearing. Although Southwire complains of the arbitrators' failure to hear testimony of witnesses at the hearing, Southwire has not shown that it sought to present such evidence or objected to any evidentiary limitations imposed by the arbitrators. Under the circumstances, Southwire has not established that the arbitrators failed to follow the procedure of the GAC in the absence of a waiver.

Southwire argues that the arbitrators' grant of interim relief contravened a clause in the parties' contract stating that monies due from Southwire would be subject to deduction for set-off or counter-

---

[7] (Emphasis in original.) *Haddon v. Shaheen & Co.*, 231 Ga. App. 596, 597 (1) (499 SE2d 693) (1998).

[8] 242 Ga. App. 753 (531 SE2d 192) (2000).

[9] Id. at 755 (1).

[10] 935 F2d 1019, 1024 (9th Cir. 1991).

[11] Id.

claim arising out of any contract between the parties. Pamas, on the other hand, maintains that Southwire could not enforce this clause because it refused to comply with another provision of the contract requiring it to set forth in writing its reasons for withholding the money. Because the contract provides arguable support for Pamas's argument, no ground for vacation of the award appears here.

4. Southwire argues that the material allegations of its pleadings were admitted because of the AAA's failure to file an answer and its resulting default.[12]

For a number of reasons, the AAA's default does not benefit Southwire here. To begin with, a default admits only the well-pleaded factual allegations of a complaint and not conclusions of law,[13] such as assertions that an arbitration award should be set aside on the statutory grounds. Moreover, an admission predicated upon the AAA's default would not be operative against Pamas.[14] In addition, we held in *McKown v. American Arbitration Assn.*[15] that the arbitrator is neither a necessary nor proper party in a proceeding to enjoin arbitration. As recognized in *New England Cleaning Svcs. v. American Arbitration Assn.*,[16] the arbitrator has immunity from suit unless there is a clear absence of jurisdiction.[17] In this case, the arbitrators' authority to hear the dispute is unquestioned.

5. Southwire contends that the arbitration award resulted from the partiality of the arbitrators.

Southwire bases this contention on the fact that prior to the preliminary hearing one or more of the arbitrators expressed a disinclination to enforce the set-off clause because of Pamas's claim that it would go bankrupt without immediate receipt of the funds held by Southwire.

The award, however, on its face does not evince any partiality. And in the absence of a transcript of the arbitration hearing, we cannot hold that the comments by the arbitrator or arbitrators demanded a finding that Southwire was prejudiced by partiality of the arbitrators. The trial court's ruling on this issue must be affirmed, as it is not clearly erroneous.[18]

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[12] See OCGA § 9-11-55 (a); *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985).

[13] *Hospitality Ventures &c. v. American Arbitration Assn.*, 755 S2d 159, 160 (Fla. App. 2000).

[14] *Kubler v. Goerg*, 197 Ga. App. 667, 671 (4) (399 SE2d 229) (1990).

[15] 213 Ga. App. 197 (444 SE2d 114) (1994).

[16] 199 F3d 542 (9th Cir. 1999).

[17] Id. at 545-546.

[18] *Hilliard v. J. C. Bradford & Co.*, 229 Ga. App. 336, 341 (2) (494 SE2d 38) (1997).

DECIDED FEBRUARY 22, 2001.

*Tisinger, Tisinger, Vance & Greer, J. Thomas Vance, Smith, Gambrell & Russell, James H. Bratton, Jr., Dena Klopfenstein, Justin S. Scott*, for appellants.

*Budd, Larner, Gross & Rosenbaum, Gilbert M. Malm*, for appellees.