## A05A1269. ORDNER CONSTRUCTION COMPANY, INC. v. PARKSIDE CROSSING, 300, LLC.
### (624 SE2d 206)

BERNES, Judge.

Ordner Construction Company, Inc. appeals from the superior court's order modifying and confirming an arbitration award in favor of Parkside Crossing, 300, LLC. Ordner contends that the superior court erred by declining to vacate the entire arbitration award because the arbitrator allegedly exhibited a manifest disregard of the law in its calculation of contract damages. Ordner further contends that even if the superior court properly declined to vacate the entire arbitration award, the superior court nevertheless erred by confirming the arbitrator's award of attorney fees to Parkside. Because no transcript of the proceedings before the arbitrator has been included in the record on appeal, we affirm.

The record shows that on October 28, 1998, Ordner and Parkside entered into a standard form American Institute of Architects agreement whereby Ordner was to erect an office building on property owned by Parkside. Disputes arose between the parties during the construction process, and, on March 22, 2001, Ordner filed its demand for arbitration under the binding arbitration term of the contract. Ordner sought $180,000, representing Parkside's nonpayment of the contract balance, plus attorney fees, costs and interest. Parkside answered on April 6, 2001, denying the material allegations of the demand and counterclaimed for damages in the amount of $250,000 for negligent construction and the use of poor materials, plus attorney fees, costs and interest.

Following a two-day hearing, the arbitrator awarded Ordner $70,000 as its remaining contract entitlement, and awarded Parkside $165,000 ($50,000 for cost of project completion and repairs, $35,000 for lost rents, and $80,000 for attorney fees and expenses), a net award to Parkside of $95,000. Contending that the arbitrator failed to account for the contract balance in the award, Ordner filed with the

arbitrator a motion to modify the award for "clerical, typographical, technical or computational" error. The arbitrator denied Ordner's motion.

Parkside then filed its petition for confirmation of the award in the superior court. Ordner filed an answer and counterclaim application to vacate or modify the award. After a hearing, the superior court modified the award by striking Parkside's damages for lost rental income, finding that the "arbitrator overstepped his authority by awarding consequential damages expressly not allowed by the contract."[1] Otherwise, the superior court confirmed the award.

1. Ordner first contends that the superior court erred by declining to vacate the entire arbitration award pursuant to OCGA § 9-9-13 (b) (5). Specifically, Ordner claims that the arbitration award had to be vacated because it reflected the arbitrator's manifest disregard of the law by his failure to account for the contract balance stipulated by the parties to be $137,252.84.[2]

Significantly, the parties point out that the arbitration proceeding was not reported. Moreover, the arbitration award fails to contain detailed findings of fact. "[T]he absence of a . . . transcript precludes review of . . . claims of error committed by the arbitrator, thereby necessitating an affirmance of the [superior court's] refusal to vacate the arbitration award. . . ." (Citation omitted.) *Brown v. Premiere Designs*, 266 Ga. App. 432, 434 (597 SE2d 466) (2004); *Humar Properties v. Prior Tire Enterprises*, 270 Ga. App. 306, 308 (605 SE2d 926) (2004). Without the arbitration hearing transcript, and in the absence of detailed findings of fact in the arbitration award, we have no means of discerning the basis for the arbitrator's decision. As such, we cannot conclude that the arbitrator manifestly abused its discretion, and so we likewise cannot conclude that the superior court erred in declining to vacate the arbitration award.

2. Ordner further contends that, regardless of whether the arbitration award should have been vacated, the superior court should not have confirmed the arbitrator's award of attorney fees to Parkside. In support of its contention, Ordner argues that Parkside became the nonprevailing party after the superior court struck lost rental income from the arbitration award, and thus was not entitled to an award of attorney fees.

---

[1] Parkside did not appeal the superior court's decision to strike the arbitrator's award of lost rental income.

[2] Although Parkside admittedly stipulated that Ordner would have been paid $137,252.84 as the contract balance had it completed the work, Parkside contends that this stipulation was immaterial to the measure of damages since Ordner failed to fully perform and, therefore, could not receive the full contract balance.

Again, however, without the arbitration hearing transcript or detailed findings of fact in the arbitration award, we have no means of discerning the basis for the arbitrator's decision to award attorney fees. While Ordner cites to attorney fees cases brought pursuant to OCGA § 13-6-11 to support its contention that only a prevailing party may be awarded attorney fees, there is nothing in the record that reveals whether the arbitrator relied on that statutory provision. Furthermore, both parties agree that they stipulated to the arbitrator awarding attorney fees, but there is nothing in the record that reveals what they agreed would serve as adequate grounds for awarding fees, including but not limited to whether fees could be awarded only to the prevailing party.[3] Under these circumstances, we cannot conclude that the superior court erred by confirming the arbitrator's award of attorney fees to Parkside.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2005 —
RECONSIDERATION DENIED DECEMBER 9, 2005 — ■

*Thompson, Slagle & Hannan, Alfred A. Malena, Jr.*, for appellant.

*Arnall, Golden & Gregory, Richard A. Mitchell*, for appellee.

---

[3] Contrary to Ordner's argument, attorney fees awards are not always limited to the prevailing party under Georgia law. See, e.g., *Betallic, Inc. v. Deavours*, 263 Ga. 796 (439 SE2d 643) (1994). Moreover, "[a]rbitrators may fashion a remedy to suit the facts and equities of a case regardless of whether the remedy would be available in an action filed in a court of law." *Joyner v. Raymond James Financial Svcs.*, 268 Ga. App. 835, 839 (2), n. 6 (602 SE2d 871) (2004). "The fact that the relief [granted in arbitration proceedings] was such that it could not or would not be granted by a court of law or equity is not [a] ground for vacating or refusing to confirm the award." OCGA § 9-9-13 (d).