A08A0359. SAVANNAH DODGE, INC. v. BYNES.

(661 SE2d 660)

MIKELL, Judge.

Savannah Dodge, Inc. appeals from the superior court's order denying its application to vacate an arbitration award. Because Savannah Dodge fails to show that the arbitrator deliberately disregarded the law in order to reach its result, we affirm.

Bynes filed a demand for arbitration with the American Arbitration Association asserting a number of federal and state law claims against Savannah Dodge arising out of her purchase of a car. Following a two-day hearing, the arbitrator found that Savannah Dodge had failed to provide Bynes with the written disclosure required by the federal Truth in Lending Act[1] ("TILA"). The

---

[1] 15 USC § 1601 et seq.

arbitrator assessed $2,000 in statutory damages against Savannah Dodge, as well as certain expenses and attorney fees. The arbitrator found for Savannah Dodge on Bynes's other claims. Savannah Dodge filed an application with the superior court to vacate the arbitration award on the grounds that the arbitrator had manifestly disregarded the law. The trial court denied the application and confirmed the award.

OCGA § 9-9-13 (b) (5) provides that an arbitration award shall be vacated by the court upon application of one of the parties if the court finds that the rights of the parties have been prejudiced by "[t]he arbitrator's manifest disregard of the law."[2] For this purpose, the

> disregard must be both evident and intentional. An arbitration board that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it.[3]

Savannah Dodge contends that the arbitrator manifestly disregarded the law because (1) TILA does not contemplate statutory damages for failure to comply with 15 USC § 1638 (b) (1),[4] and (2)

> the legal position taken by the arbitrator requiring a creditor to give a copy of the TILA disclosures to a consumer in a form he or she can keep prior to consummation of the sale, separate and distinct from the sales contract, has been rejected by the courts.

Even assuming that Savannah Dodge is legally correct in its interpretation of TILA, it does not follow that the arbitrator manifestly disregarded the law, only that it may have made a legal error.[5] Rather,

---

[2] OCGA § 9-9-13 (b) provides four other statutory grounds for vacating an arbitration award, but these grounds are not at issue.

[3] (Citation and punctuation omitted.) *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007).

[4] This TILA provision addresses the "[f]orm and timing of disclosures." 15 USC § 1638 (b). Subsection (1) provides that, with some exceptions, the required disclosures "shall be made before the credit is extended" and "conspicuously segregated from all other terms." 15 USC § 1638 (b) (1).

[5] See *Lanier Worldwide v. BridgeCenters at Park Meadows*, 279 Ga. App. 879, 882 (1) (633 SE2d 49) (2006) (error in interpreting the applicable law does not constitute manifest disregard).

clear evidence of the arbitrator's intent to purposefully disregard the law is required. That is, there must be concrete evidence of this intent either in the findings of the arbitrator, if he or she chooses to make such findings, or in the transcript of the arbitration hearing, if the parties choose to have the hearing transcribed.[6]

Since there is no transcript of the arbitration proceedings, we look to the arbitrator's findings in order to discern his intent.

As to the award of statutory damages, the arbitrator found in its decision that "[t]he Claimant is entitled to $2,000 in statutory damages from Respondent under the TILA." In denying Savannah Dodge's motion for reconsideration, the arbitrator explained that (i) there are conflicting court decisions on the proposition that statutory damages are not available for a violation of 15 USC § 1638 (b) (1), (ii) the parties failed to present a controlling Eleventh Circuit court decision, (iii) there is an Eleventh Circuit district court decision containing dicta consistent with the arbitrator's findings,[7] and (iv) Savannah Dodge appeared to be making a new argument.

As to the manner of disclosure, the arbitrator concluded in its initial decision that TILA required written disclosure be provided to Bynes before consummation of the transaction, and that such disclosure was not made. The arbitrator made no specific finding as to the required form of that disclosure, notwithstanding Savannah Dodge's claim as to the "legal position" taken by the arbitrator. On motion for reconsideration, the arbitrator noted that the authorities were conflicting as to whether the availability of the retail installment sales contract met the TILA timing disclosure requirements.[8]

In light of the above, the evidence demonstrates only the arbitrator's intent to apply the applicable law, which the parties agree is the TILA, to the claims at issue. Whether or not the arbitrator correctly interpreted the law, Savannah Dodge does not make the difficult showing that the arbitrator "deliberately disregarded the law in order to reach the result [it] did."[9] It follows that the trial court correctly denied the application to vacate.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

---

[6] *ABCO Builders*, supra.

[7] The arbitrator cited *Brown v. SCI Funeral Svcs. of Fla.*, 212 FRD 602 (S.D. Fla. 2003). The district court wrote that it was not persuaded "[a]t this juncture" that "the provision in § 1640 limiting statutory damages for violations of disclosure requirements applies to violations of timing and form requirements, such that Plaintiffs are precluded from asserting a class claim for statutory damages based on . . . § 1638 (b)." Id. at 606-607 (III) (E).

[8] See *Harper v. Lindsay Chevrolet Oldsmobile*, 212 FSupp.2d 582, 588, n. 13 (E.D. Va. 2002) (noting split of authority).

[9] (Citation and punctuation omitted.) *ABCO Builders*, supra at 310.

DECIDED APRIL 24, 2008.

*Oliver, Maner & Gray, James P. Gerard*, for appellant.
*Murphy A. Cooper*, for appellee.