## A09A1148. AMERICA'S HOME PLACE, INC. v. CASSIDY et al.
(687 SE2d 254)

ADAMS, Judge.

This Court granted the application of residential contractor America's Home Place, Inc. ("AHP") for interlocutory review of the trial court's order denying its motion to confirm an arbitration award in its favor. Because we find that the trial court erred in refusing to confirm the award, we reverse.

Dennis and Ashley Cassidy contracted with AHP to build their home. The construction agreement (the "contract") provided that all disputes arising out of the contract would be settled by binding arbitration. Disagreements later arose between AHP and the Cassidys, and they arranged for arbitration in accordance with the contract. AHP claimed that construction was substantially complete and demanded payment of approximately $90,000 it claimed was due. The Cassidys, on the other hand, denied that construction was substantially complete and refused to pay until AHP addressed a number of alleged problems with the residence. They asserted a counterclaim seeking to recover the cost of remedying these claimed defects.

The arbitrator ruled in favor of AHP, finding that the company had substantially completed construction on the Cassidys' residence. The arbitrator also found that the remaining work was either "By Owner" under the contract or were punchout items. He specifically found that installation of the hardwood floors was a "By Owner" item. The arbitrator concluded that it was premature to make a determination of responsibility for the punchout items because the Cassidys had not afforded AHP the opportunity to address those items under the terms of its warranty. The arbitrator directed the Cassidys to pay the contract balance of $93,716.99 within 30 days.

Instead, the Cassidys filed suit in the superior court against AHP and its flooring subcontractor, Sherwin Williams Company, asserting claims for breach of contract and seeking monetary damages. One count of the complaint, entitled "Vacating Arbitration Award," stated that the award "must be vacated" because it did not comply with the law or the contract with regard to "substantial completion" or with a separate contract regarding the duties of Sherwin Williams. AHP asserted the arbitrator's award as an affirmative defense to the complaint and filed a separate application to confirm that award. The trial court denied AHP's application without explanation.

The Georgia Arbitration Code (the "Code") grants the superior courts only a limited review of arbitration awards and requires that the court confirm an award unless the party opposing confirmation establishes one of the grounds listed in OCGA § 9-9-13 for vacating

that award. See *Greene v. Hundley*, 266 Ga. 592, 595 (1) (468 SE2d 350) (1996); *Brookfield Country Club v. St. James-Brookfield, LLC*, 299 Ga. App. 614, 617 (683 SE2d 40) (2009) (courts must give "extraordinary deference" to arbitration awards); OCGA § 9-9-12. Thus, we can only affirm the trial court's order denying AHP's application for confirmation of the arbitration award if we determine that the Cassidys established a statutory ground for vacating the award.

In opposing AHP's application to confirm the award, the Cassidys asserted three grounds for vacatur: (1) the arbitrator failed to comply with OCGA § 9-9-9; (2) the award failed to comply with the contract; and (3) the arbitrator manifestly disregarded the law in making his award.

1. The Code provides that an arbitration award is subject to vacatur where the rights of a party were prejudiced by "[a] failure to follow the procedure of this part, *unless the party applying to vacate the award continued with the arbitration with notice of this failure and without objection.*" (Emphasis supplied.) OCGA § 9-9-13 (b) (4). The Cassidys asserted below that the arbitrator failed to comply with the procedure set out in OCGA § 9-9-9 by failing to require AHP to provide a witness list and by failing to allow Cassidy to subpoena Sherwin Williams and other unidentified "key witnesses."[1] In support of this argument, the Cassidys attached letters from their counsel to the arbitrator reflecting that they requested a list of AHP's witnesses and witness subpoenas. Pretermitting whether these letters were properly authenticated, we find that they fail to establish a ground for vacating the arbitration award.

The language of OCGA § 9-9-9 (a) provides only that arbitrators "*may* issue subpoenas for the attendance of witnesses" and that the courts will enforce such subpoenas upon application by a party. (Emphasis supplied.) Nothing in the statutory language *requires* an arbitrator to issue subpoenas, however, and we cannot say that the arbitrator's failure to respond in a timely fashion[2] to the Cassidys' request for subpoenas was a failure to follow the Code's procedure. And while OCGA § 9-9-9 (c) provides that a party "*shall* have the opportunity to obtain a list of witnesses," the Cassidys failed to

---

[1] Although the Cassidys also asserted that the arbitrator's award implicitly imposed fault upon Sherwin Williams in violation of the Code, nothing in that award purports to determine whether Sherwin Williams has any potential liability for breach of contract in connection with the Cassidys' house.

[2] One of the letters reflects that on the Friday before the scheduled Tuesday arbitration hearing, the arbitrator apparently provided the Cassidys an opportunity "to submit a request for subpoena in the format of our local Courts," but their counsel deemed this offer impractical given the short time before the hearing.

demonstrate how the lack of such a list prejudiced them in the arbitration.

But even if the Cassidys could demonstrate that a failure to follow Code procedure resulted in prejudice, they cannot rely upon such prejudice as a ground for vacating the award because they chose to continue the arbitration with full knowledge of the failure. They participated in the arbitration hearing despite the lack of a witness list or subpoenas. Although the correspondence reflects that their counsel expressed a "fear" that the arbitration would be "ineffective" in the absence of these documents, nothing in the Cassidys' exhibits demonstrates that they ever objected to proceeding without them. To the contrary, the correspondence reflects that the Cassidys "were anxious to move forward" with the hearing. And their post-hearing brief submits their counterclaim for the arbitrator's determination without making any mention of subpoenas or witness lists. Under the statutory language, therefore, the Cassidys cannot establish a ground for vacating the arbitration award under OCGA § 9-9-13 (b) (4).

2. Turning to the Cassidys' two remaining arguments, we note that OCGA § 9-9-13 (b) does not list failure to comply with the parties' contract as a separate ground for vacatur. We will therefore address the Cassidys' contract argument in the context of manifest disregard of the law standard under OCGA § 9-9-13 (b) (5).[3]

Under that standard, the "disregard must be both evident and intentional. An [arbitrator] that incorrectly interprets the law has not manifestly disregarded it. It has simply made a legal mistake. To manifestly disregard the law, one must be conscious of the law and deliberately ignore it." (Citation and punctuation omitted.) *ABCO Builders v. Progressive Plumbing*, 282 Ga. 308, 309 (647 SE2d 574) (2007). Therefore, the Cassidys must show clear evidence that the arbitrator intended to purposefully disregard the law. They must point to "concrete evidence," other than the fact of the adverse award, to show "this intent either in the findings of the arbitrator, if he or she chooses to make such findings, or in the transcript of the arbitration hearing, if the parties choose to have the hearing transcribed." (Footnote omitted.) *Savannah Dodge v. Bynes*, 291 Ga. App. 281, 283 (661 SE2d 660) (2008). See also *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 390 (6) (512 SE2d 300) (1999).

The Cassidys assert that in ruling that AHP had substantially

---

[3] Failure to comply with the parties' contract is often argued under OCGA § 9-9-13 (b) (3) as an overstepping of authority by the arbitrator. To the extent that the Cassidys intended to assert such a ground, we find that they also failed to demonstrate overstepping by the arbitrator. See *U. S. Intermodal &c. v. Ga. Pacific Corp.*, 267 Ga. App. 832, 834 (600 SE2d 800) (2004).

completed construction on their residence, the arbitrator ignored contract language requiring an occupancy permit for substantial completion as well as occupancy by the Cassidys. While an arbitrator cannot ignore the plain language of a contract,[4] "courts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether their decision 'draws its essence' from the contract." (Citation and punctuation omitted.) *Johnson Real Estate Investments v. Aqua Indus.*, 282 Ga. App. 638, 641-642 (1) (b) (639 SE2d 589) (2006). Here, payment was due under the contract upon AHP's completion of specified work. The contract defines "Completion Date" as "the earliest of substantial completion or the date the Certificate of Occupancy is issued. Substantial Completion is defined as that date that the Owner may make beneficial use and occupancy of the home."

Accordingly, under the terms of the contract, completion did not depend upon issuance of a Certificate of Occupancy. Rather, AHP's work was considered complete if "Substantial Completion" occurred before the Certificate of Occupancy was issued. The contract, however, does not define the "beneficial use and occupancy of the home" required for Substantial Completion, making that phrase subject to interpretation by the arbitrator. "It is not the function of this Court to second-guess the arbitrator's interpretation of the contract." (Citation omitted.) *Johnson Real Estate Investments*, 282 Ga. App. at 641 (1) (a). Although a court may have made a different interpretation, "[t]he Code specifically states that merely because the relief granted in the arbitration award could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm an award." (Punctuation and footnote omitted.) *Greene*, 266 Ga. App. at 595 (1). Moreover, the Cassidys have not pointed to any concrete evidence that the arbitrator intentionally ignored the language of the contract or applicable law. In fact, the arbitrator specifically referenced the contract and AHP's warranty in fashioning his award. Accordingly, the Cassidys have failed to establish manifest disregard under OCGA § 9-9-13 (b) (5).

Because the Cassidys failed to establish any ground for vacating the arbitrator's award, the trial court erred in denying AHP's application to confirm.

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED NOVEMBER 20, 2009.

*Langdale & Vallotton, W. Pope Langdale III, Christina L.*

---

[4] *Southwire Co. v. American Arbitration Assoc.*, 248 Ga. App. 226, 228 (1) (545 SE2d 681) (2001).

*Folsom, James M. Walters*, for appellant.

*Hawkins, Parnell & Thackston, Jacob M. Zuniga, John G. C. Durham*, for appellees.