### A11A1402. AZORDEGAN et al. v. EBRAHIMI.
(716 SE2d 528)

PHIPPS, Presiding Judge.

This appeal was filed by Kamriz Azordegan (a/k/a Kambiz Azordegan), Farrah H. Azordegan, and Farrah H. Azordegan and Kamriz Azordegan as trustees of the Azordegan Family Trust (collectively, hereinafter, Azordegan). Azordegan contests a superior court's confirmation of an arbitration award.

> In deciding whether to confirm or vacate an arbitration award, a trial court's role is severely curtailed so as not to frustrate the purpose of avoiding litigation. Unless one of the statutory grounds for vacating an award as set forth in OCGA § 9-9-13 (b) is found to exist, a trial court in reviewing an award is bound to confirm it. Moreover, . . . we will not disturb a trial court's confirmation of an arbitration award unless the existence of any of the statutory grounds is shown.[1]

Because Azordegan has failed to make the required showing, we affirm.

1. As an initial matter, we note the paucity of the record before us. Pertinently, in the notice of appeal, Azordegan stated, "There is no transcript of evidence and proceedings to be filed for inclusion in the Record on Appeal."[2] Our consideration of the contentions presented by Azordegan — who, as appellant, has the burden to affirmatively show error by the record[3] — is affected by the meagerness of the record.

2. Azordegan maintains that the arbitrator's award should have been vacated, relying solely on the ground set forth in OCGA § 9-9-13 (b) (3), which provides that the award shall be vacated if the court

---

[1] *Humar Properties, LLLP v. Prior Tire Enterprises*, 270 Ga. App. 306-307 (605 SE2d 926) (2004) (citations omitted).

[2] This is the second appearance of this case before this Court. The initial appeal, docketed as Case No. A10A2138, was dismissed. Notably, in that case, the appellants amended their notice of appeal "by deleting the statement that 'any transcript of evidence and proceedings in its entirety will be filed for inclusion in the Record on Appeal,'" and adding the statement, "The record should be submitted to the Court of Appeals without a transcript." Accordingly, no transcript of evidence was provided to the court with that case.

[3] *Sebby v. Costo*, 290 Ga. App. 61, 62 (658 SE2d 830) (2008).

finds that a party's rights were prejudiced by "[a]n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made." More particularly, Azordegan asserts that the arbitrator's authority was imperfectly executed because the award failed to set forth certain explicit findings. However, the Georgia "Arbitration Code does not require that an arbitrator enter written findings of fact in support of an award; nor does the Code require an arbitrator to explain the reasoning behind an award."[4] For that reason, and because of circumstances set forth below, Azordegan has failed to establish that the arbitrator's execution of his authority was so imperfect that a final and definite award upon the subject matter submitted was not made.

According to Azordegan's appellate brief, the arbitration resulted from a dispute concerning obligations pursuant to an agency agreement with appellee Noujan Paul Ebrahimi. No agency agreement has been made a part of the appellate record. What is more, the record fails to reveal what issues were presented for specific decision by the arbitrator.[5] The record does reflect that a hearing was held before the arbitrator, who thereafter issued the contested award.

The award recounts that "the arbitrator requested each Party to clearly include . . . in its post-closing brief: its claim(s), the issues that must be decided to establish each claim, a summary of evidence supporting each claim, and the relief requested for each claim." But no such post-closing briefs have been made a part of the appellate record. Moreover, although Azordegan complains that the award does not set forth certain findings, the award recounts further that "the Parties agreed the Arbitrator will prepare a Standard Award (versus a Reasoned Award or Award with Findings of Fact and Conclusions of Law). Accordingly, this Award is a standard award without reasons, findings of fact or conclusions of law."

The record shows that, upon Azordegan's application to the superior court to vacate the arbitrator's award and Ebrahimi's application to the court to affirm, the superior court conducted a hearing. And in its confirmation order, the court revealed that its ruling was reached "after receiving evidence, argument of counsel and consideration of the entire record."

Notwithstanding, in accordance with Azordegan's notice of appeal, no transcript of either the arbitration hearing or the hearing on

---

[4] *Greene v. Hundley*, 266 Ga. 592, 595 (2) (468 SE2d 350) (1996) (footnote and emphasis omitted).

[5] Cf., e.g., *Cotton States Mut. Ins. Co. v. Nunnally Lumber Co.*, 176 Ga. App. 232, 234-235 (2) (335 SE2d 708) (1985).

applications to vacate/confirm the award has been provided to this court.

> Therefore, [the appellants] have failed to carry their burden of establishing by record evidence the statutory ground of [OCGA § 9-9-13 (b) (3)]. The absence of a transcript precludes review of claims of error committed by the arbitrator[ ], thereby necessitating an affirmance of the [superior] court's refusal to vacate the arbitration award on [said] ground.[6]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED AUGUST 5, 2011 —
RECONSIDERATION DENIED AUGUST 25, 2011 — 

*Mills, Paskert & Divers, Richard J. Storrs*, for appellants.
*Cohen, Goldstein, Port & Gottlieb, Lee S. Goldstein*, for appellee.

---

[6] *Humar Properties, LLLP*, supra at 308 (citations and punctuation omitted); see *Ordner Constr. Co. v. Parkside Crossing, 300, LLC*, 276 Ga. App. 753, 754 (1) (624 SE2d 206) (2005) (because there was no transcript of arbitration hearing or detailed findings of fact, appellate court could not find that arbitrator's award was unlawful and therefore could not conclude that superior court erred in declining to vacate award); *Pitt v. Holt Dev., LLC*, 269 Ga. App. 441, 442 (604 SE2d 278) (2004); *Brown v. Premiere Designs*, 266 Ga. App. 432, 434 (597 SE2d 466) (2004) (where absence of a record or transcript precluded review of appellants' claims of error committed by arbitrator, affirmance of state court's refusal to vacate arbitration award was necessitated); *Sprewell v. Thompson & Hutson, SC, LLC*, 260 Ga. App. 312, 315 (3) (581 SE2d 322) (2003) (this court's decision must be made on record and not upon briefs of counsel).