**THIRD DIVISION**
**DOYLE, P. J.,**
**McFADDEN, P. J. and HODGES, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 18, 2022**

# In the Court of Appeals of Georgia

A20A0036, A20A0037. ADVENTURE MOTOR SPORTS
 REINSURANCE, LTD et al. v. INTERSTATE NATIONAL
 DEALER SERVICES, INC.; and vice versa.

DOYLE, Presiding Judge.

In these cases arising after the confirmation of an arbitration award, the Supreme Court of Georgia vacated and remanded this Court's consolidated opinion.[1] Two questions remain. First, in Case No. A20A0037, we must look at whether an arbitrator's award against Interstate National Dealer Services, Inc. ("INDS"), in favor of Southern Mountain Adventures, LLC ("Dealer"), and Adventure Motorsports Reinsurance, Ltd. ("Reinsurer"), reflects an overstepping of the arbitrator's authority

---

[1] See *Adventure Motorsports Reinsurance, Ltd. v. Interstate Nat. Dealer Svcs.*, 313 Ga. 19 (867 SE2d 115) (2021) ("AMS II"), vacating and remanding *Adventure Motorsports Reinsurance v. Interstate Nat. Dealer Svcs.*, 356 Ga. App. 236 (846 SE2d 115) (2020) ("AMS I").

under OCGA § 9-9-13 (b) (3). We hold that it does not, based on the Supreme Court's opinion in that case. Second, in Case No. A20A0036, because we now affirm the confirmation of the award, we also remand for the confirming court to rule on issues it did not address regarding attorney fees and interest.

*Case No. A20A0037*

1. The factual and legal background is more fully summarized in the Supreme Court's opinion in *AMS II*. In basic terms, the arbitration at issue addressed a business dispute between the Dealer and Reinsurer (collectively "Claimants") and INDS over payments collected by INDS pursuant to motorsport vehicle service contracts sold to customers by the Dealer and administered by INDS. The Claimants believed, in essence, that INDS overcharged the Dealer, so the parties entered into an arbitration agreement to resolve the dispute. The arbitrator found in favor of the Claimants, and in Case No. A20A0037, INDS challenged the confirmation of the award under OCGA § 9-9-13 (b) (3) (overstepping arbitrator's authority) and (b) (5) (manifestly disregarding the law); we reversed the confirmation on the ground that the arbitrator manifestly disregarded the law.[2]

---

[2] Based on that ruling, we held that in Case No. A20A0036, the Claimants' challenge to the trial court's failure to award attorney fees and interest was moot. See *AMS I*, 356 Ga. App. at 238.

Our decision was based in part on the fact that INDS charged an amount of money agreed to by the parties in a "Rate Card":

> Under its agreement with INDS[, the Dealer] set the retail price paid by vehicle buyers for service contracts, remitted to INDS for each contract sold the "Contract Cost" listed in the "Dealer Net Price Schedule," which the parties called the "Rate Card," and retained the difference as its "commission."[3]

Because the parties did not depart from the Rate Card structure, we held that the arbitrator manifestly disregarded contract law by holding that INDS overcharged the Dealer.[4]

The Supreme Court of Georgia disagreed with this holding, reversed our judgment, and remanded the case to this Court. The Supreme Court explained that even assuming an interpretation error, "an arbitrator who incorrectly interprets the law has not manifestly disregarded it. The arbitrator has simply made a legal mistake," and the legal standard for manifestly disregarding the law has not been

---

[3] (Punctuation omitted.) *AMS II*, 313 Ga. at 20.

[4] See *AMS I*, 356 Ga. App. at 240.

met.[5] The Court further observed, in support of its conclusion that the arbitrator had not disregarded the law:

> The arbitration award referenced applicable aspects of Georgia law of contract construction — that, where the governing contract is clear and unambiguous, the contract should be enforced according to its plain terms, and that contractual ambiguities are to be construed against the drafter. The arbitrator found that the governing contracts were vague and should be construed against the drafter, INDS. Although the contracts did not expressly provide for deductions from the Contract Cost, the arbitrator took into account that INDS deserved to be compensated for the valuable services that INDS provided to Dealer and Reinsurer. The arbitrator fashioned a remedy that he deemed just and equitable within the scope of the agreements of the parties to determine a fair compensation. Not only the arbitration clause the parties executed before the dispute arose, but also the Arbitration Agreement and the case management orders the parties executed after the dispute arose, expressly authorized the arbitrator to fashion such a remedy. We conclude that the arbitration award draws its essence from the contracts.[6]

We adopt this reasoning as our own.

Turning to INDS's remaining argument on remand — that the arbitrator overstepped his authority under OCGA § 9-9-13 (b) (3) — we hold that he did not.

---

[5] *AMS II*, 313 Ga. at 27 (1).

[6] Id. at 28.

4

OCGA § 9-9-13 (b) (3) provides that a confirming court shall vacate an arbitration award only "if the court finds that the rights of that party were prejudiced by . . . [a]n overstepping by the arbitrators of their authority or such imperfect execution of it that a final and definite award upon the subject matter submitted was not made. . . ." "'Overstepping,' like the other grounds for vacating arbitration awards is very limited in scope. 'Overstepping' has been described as addressing issues not properly before the arbitrator."[7]

Here, it is clear that the arbitrator's award was made pursuant to and within the scope of the arbitration agreement entered into by the parties specifically to resolve this dispute. The arbitration agreement

> reflected that Dealer and Reinsurer sought to recover from INDS damages "as a result of numerous disputes arising out of" the contracts among Dealer, Reinsurer, and INDS "regarding funds generated from sales of vehicle service contracts and subsequent administration of these funds and claims thereafter." . . . The parties also agreed that "[t]he Arbitrator may grant any remedy or relief that the Arbitrator deems just and equitable within the scope of the agreements of the Parties,

---

[7] (Punctuation omitted.) *Ralston v. City of Dahlonega*, 236 Ga. App. 386, 388 (3) (512 SE2d 300) (1999).

5

including but not limited to monetary damages, statutory damages, and equitable, declaratory, or injunctive relief."[8]

The award was confined to the merits of this dispute, fashioned a remedy contemplated by the parties, and fully addressed the issues presented. Based on this and the Supreme Court's underlying observations about the award,[9] we hold that the arbitrator did not overstep his authority in making the award. Accordingly, we affirm the judgment in Case No. A20A0037.

*Case No. A20A0036*

2. In light of the fact that the award remains intact, we must address the Claimants' argument that the confirming court erred by awarding a money judgment only for the principal amount of $462,781 without addressing the appropriateness of requested attorney fees and post-award interest. Because these issues remain undecided by the confirming court, we remand.

---

[8] *AMS II*, 313 Ga. at 22.

[9] The record does not demonstrate that the arbitrator *ignored* the contracts at issue; it merely interpreted them. See *U. S. Intermodal &c. v. Ga. Pacific Corp.*, 267 Ga. App. 832, 834 (600 SE2d 800) (2004) ("'courts must not decide the rightness or wrongness of the arbitrators' contract interpretation, only whether their decision 'draws its essence' from the contract'"), quoting *Southwire Co. v. American Arbitration Assn.*, 248 Ga. App. 226, 228 (545 SE2d 681) (2001).

6

The arbitrator's award was in favor of the Claimants for a total of $462,781 and contained a payment deadline, stating:

> If this Award is not paid in full by [INDS] to Claimants within 30 days of the date of the Award [i.e., July 3, 2018[10]], [INDS] will be charged interest at an annual rate prescribed under OCGA § 7-4-12 on the outstanding Award balance from the date of the award until the Award is paid in full, plus reasonable costs of collection, including attorneys' fees, incurred by the Claimants.

In June 2018, INDS paid $54,675.72. In September 2018, the Claimants moved to confirm the award, seeking attorney fees "related to this matter" as well as interest on any unpaid balance from July 3, 2018. On February 21, 2019, the confirming court entered an order purporting to grant the motion and entering a judgment for $462,781. The following week, the confirming court set a hearing to resolve any outstanding issues "in order to ensure a final judgment is rendered in this matter."

At the hearing, on March 21, 2019, the Claimants requested an evidentiary hearing to determine whether INDS had violated the payment deadline. The confirming court declined the request and held that the deadline issue was "not ripe

---

[10] Due to an email snafu, the arbitrator deemed the award date to be July 3, 2018.

7

until 30 days after entry of a final judgment confirming the award." The court then entered a final judgment on March 21, 2019, for $462,781. The Claimants then filed a timely notice of appeal from that order.

The Claimants argue that the confirming court erred by not entering an award that included attorney fees they requested in their motion to confirm (which the court purported to grant), attorney fees for collection efforts as stated in the award, and post-award interest as required by the arbitrator's award. The confirming court's order instead stated that these issues were not ripe and did not otherwise rule on these issues. Because the court never addressed these issues, we remand for consideration of the appropriateness of awarding attorney fees arising out of the arbitration requested in the Claimant's motion to confirm the award,[11] attorney fees arising out of collection efforts as stated in the arbitration award, and post-award interest as stated in the arbitration award.

*Judgments affirmed and cases remanded with direction. McFadden, P. J., and Hodges, J., concur.*

---

[11] This motion followed INDS's motion to vacate the award, so it was styled as a "Cross-Motion to Confirm Arbitration Award."