### A10A2347. SARKAR v. CACV OF COLORADO, LLC.
(704 SE2d 438)

JOHNSON, Judge.

Ali A. Sarkar appeals from a trial court order that denied his motion to set aside a judgment enforcing an arbitration award. Sarkar appeals pro se, claiming that the trial court erred because he "did not have any credit card . . . with the account number" that CACV of Colorado, LLC claimed was in default and that "[n]o evidence of the proof of debt was provided."

The record shows that on April 11, 2008, an arbitration award was entered against Ali for approximately $4,700, apparently based

---

[38] See *Automated Print*, supra.

[39] Id.

upon a default under a credit card agreement. The trial court found that Ali failed to make an application to vacate the award within three months after delivery,[1] and it issued an order confirming the award on June 18, 2009. On June 9, 2010, Ali filed a motion to set aside the judgment, claiming that he never entered into a valid agreement to arbitrate. On June 16, 2010, the trial court issued an order denying Ali's motion to set aside, and it is from this motion that Ali appeals.

While Ali now claims that errors exist in the findings of fact made by the arbitrator and confirmed by the trial court, he has failed to support such claim with a transcript of the hearings below or any other evidence of record. "The absence of a transcript precludes review of claims of error committed by the arbitrator, thereby necessitating an affirmance of the superior court's refusal to vacate the arbitration award."[2] As a result, we cannot conclude that the arbitrator manifestly abused its discretion, and so we likewise cannot conclude that the trial court erred in confirming the arbitration award or in denying Ali's motion to set aside the judgment.[3]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED NOVEMBER 16, 2010 —
RECONSIDERATION DENIED DECEMBER 2, 2010.

Ali A. Sarkar, *pro se.*
James T. Freaney, for appellee.

---

[1] See OCGA § 9-9-13 (a).

[2] (Citation and punctuation omitted.) *Ordner Constr. Co. v. Parkside Crossing, 300,* 276 Ga. App. 753, 754 (1) (624 SE2d 206) (2005).

[3] See id.